CRAWLEY, Judge.
Donald Jones (the “employee”) worked part-time for Wedgworth Pest Control, Inc. (the “employer”), for some 30 years. In 1990, the employee and the employer entered into an employment contract that provided for, among other things, a profit-sharing plan and one week of paid vacation leave per year. The contract also contained a noncompetition agreement, prohibiting any employee from engaging in a competing pest-control business in an eight-county area for two years after the employee left his employment. The employee left the employer’s employ in 1999 to accept employment with a competitor. The employer sued, requesting an injunction preventing the employee from violating the noncompetition agreement. The trial court enforced the noncompetition agreement. The employee appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6). We reverse and remand.
Although noncompetition agreements are not favored, see Ala.Code 1975, § 8-l-l(a), “an ... employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof so long as the ... employer carries on a like business therein.” Ala. Code 1975, § 8 — 1—1(b). The courts have interpreted the statute and have developed a test to determine whether a given non-competition agreement is enforceable. A court will enforce a noncompetition agreement only if:
“(1) the employer has a protectable interest;
“(2) the restriction is reasonably related to that interest;
“(3) the restriction is reasonable in time and place;
“(4) the restriction poses no undue hardship.”
DeVoe v. Cheatham, 413 So.2d 1141, 1142 (Ala.1982). “The burden is upon the person or entity seeking to enforce a contract which restrains a lawful trade or business to show that it is not void under § 8-1-1.” Calhoun v. Brendle, Inc., 502 So.2d 689, 693 (Ala.1986).
The employee argues that the noncom-petition agreement is not reasonable be *263 cause, he says, it encompasses too large an area and imposes on him an undue hardship. Before the trial court, counsel for both the employee and the employer orally argued the question of the enforceability of the noncompetition agreement. However, no testimony was offered to prove any of the elements the employer was required to prove in order to have the noncompetition agreement enforced. See Calhoun, 502 So.2d at 693. Without testimony concerning the employer’s protectable interest, the relation between the restriction and that interest, the reasonableness of the restriction as to time and place, or the lack of undue hardship on the employee, the trial court had no basis on which to enforce the noncompetition agreement. Therefore, we reverse the injunction prohibiting the employee from engaging in the pest-control business.
The employee also argues that the employer breached its employment contract by failing to provide him vacation time under the contract and by cancelling a profit-sharing program. Thus, he reasons, the contract is null and void and, for that reason, the noncompetition agreement cannot be enforced against him. We preter-mit any consideration of this argument in light of our reversal of the injunction.
REVERSED AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.