CRAWLEY, Judge.
Donald Jones (the “employee”) petitions for a writ of mandamus directing Judge Dale Segrest to vacate an injunction prohibiting him from engaging in the pest control business in Tallapoosa and Randolph Counties for two years. This is the second time Jones and his former employer, Wedgworth Pest Control, Inc., have been before this court. See Jones v. Wedgworth Pest Control, Inc., 763 So.2d 261(Ala.Civ.App.2000). In that appeal, this court reversed the judgment of the trial court enforcing a noncompetition agreement between the two parties, because the employer had failed -to present the evidence necessary to support enforcement of the agreement.
On remand, the trial court, misunderstanding this court’s opinion, held *608 another hearing and took additional testimony concerning the elements required to prove the enforceability of the agreement. That hearing was outside the scope of our remand order.
“On remand, the issues decided by the appellate court become [the] law of the case and the trial court’s duty is to comply with the appellate mandate ‘according to its true intent and meaning, as determined by the directions given by the reviewing court.’ Ex parte Alabama Power Co., 431 So.2d 151[, 155] (Ala.1983) [(quoting 5 Am.Jur.2d, Appeal and Error, § 991 (1962))]. When the mandate is not clear, the opinion of the court should be consulted. See Cherokee Nation v. Oklahoma, 461 F.2d 674 (10th Cir.), cert. denied, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 489 (1972).”
Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982 (Ala.Civ.App.1983) (emphasis added in Walker ); see also Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983).
Although our opinion did not order the trial court to enter a judgment in favor of the employee, it clearly stated that the injunction enforcing the noncompetition agreement was reversed, and, in light of that reversal, we pretermitted discussion of the other issues presented. A fair reading of our opinion indicates the injunction was reversed because the employer had failed to meet its burden of proof. We did not instruct the trial court to hold another hearing or indicate that the employer should be allowed to offer additional testimony. Therefore, we instruct the trial court to vacate its judgment enforcing the noncompetition agreement and to enter a judgment in favor of the employee.
WRIT GRANTED.
ROBERTSON, PJ., and YATES, MONROE, and THOMPSON, JJ., concur.