54 So.2d 293

**HAMES v. IRWIN et al.**

**8 Div. 592.**

Supreme Court of Alabama.

June 14, 1951.

Rehearing Denied Oct. 18, 1951.

Thos. C. Pettus, Moulton, for appellant.

320

Peach, Caddell & Shanks, Decatur, for appellees.

SIMPSON, Justice.

This is an appeal from a decree of the circuit court, in equity, rendered after reversal and remandment by this court on a former appeal. Hames v. Irwin, 253 Ala. 458, 45 So.2d 281. On remandment appellees moved for a final decree in consonance with the opinion of this court, suggesting the death of one of the parties complainant and asking a refiguring of the respective shares of the surviving parties complainant in the proceeds of the sale of the lands. Appellant countered with motions which, in substance, sought a reopening and re-trial of the case. The trial court, after hearing on said motions, entered a final decree fixing the interests of the respective parties and ordering a sale of the lands and distribution of the proceeds in the manner therein provided for.

Without attempting to respond to the numerous assignments of error—many of which are inappropriately addressed to matters occurring on the former trial—we confine ourselves to the single question of whether or not the trial court erred in refusing to reopen the case generally. So-lution of this question depends upon an interpretation of our opinion and decision on former appeal.

As appears therefrom this litigation orig-inated in a suit in equity instituted by ap-pellees Irwin against appellant Hames and others to sell lands for division, the ma-terial issues in the case being ownership of the lands as between appellees and ap-pellant. Appellees claimed to own five-sevenths interest, not questioning appel-lant's ownership of the remaining two-sevenths interest. Appellant, on the other hand, claimed to own the entire title. The question involved various proceedings and muniments of title. On final submission on former appeal, on pleadings and proof the trial court decreed favorably to the contention of the appellees. On appeal to this court from that decree we held, as appears from the opinion, that the trial court correctly decreed that the tax sale proceedings upon which appellant relied were void, and, further, that the record proof on which appellant sought to rest his claim failed to show that he had had such possession after his deed from the tax sale purchaser, as would defeat ap-pellees' rights. We further held that the trial court correctly decreed appellees to be the owners of two-sevenths interest by virtue of a mortgage foreclosure pro-ceeding. However, we disagreed with the trial court in decreeing that appellees ac-quired the one-seventh interest each of the appellant and two other named persons by virtue of a sheriff's deed on execution sale of such interests, concluding that such sale was void. But we held that the parties other than appellant had suffered decrees pro confesso and did not join in the appeal, and, hence, that the decree as to them must stand. In conclusion we held thus: " * * insofar as the decree holds that the com-plainants acquired the undivided $\frac{1}{7}$ inter-est of the appellant, Charles E. Hames, it is reversed and the cause is remanded for further proceedings in accordance with this opinion."

It will be observed that the only matters on which this court passed judg-ment on the former appeal were, indeed, questions of law, decisive of the contro-versy. The single ruling—a feature of the decree—on which the decree below was reversed was that which vested in appel-lees the one-seventh interest of the appel-lant embraced in the sheriff's deed. Cer-tainly, the reversal as to this (a ruling

favorable to the appellant) neither comprehended nor invited a new trial of the case. In view of the nature of the proceeding—a sale of the lands for division—further proceedings under the direction of the trial court were required, even had we affirmed the decree before us in toto. In remanding the cause "for further proceedings in accordance with this opinion" we in effect directed the rendition of a decree adjudging the appellant to be entitled to three-sevenths, rather than two-sevenths interest in the land—the date and terms of the sale, distribution of the proceeds, report of the register, confirmation, etc., being left to the trial court for effectuation.

While we have given attentive consideration to the several insistences made by appellant in brief on this appeal, the single meritorious question presented, and to which in the circumstances we may respond, is that the trial court erred in not treating the opinion and judgment of this court as an unqualified reversal and in refusing to enter upon a new trial. We have said enough, we think, to indicate that this insistence cannot be sustained. The reversal was not one with mere general directions for a new trial, sometimes referred to as an "unqualified reversal" (2 R.C.L. 290), but one with specific directions, in accordance with the opinion. Where this is so, the trial court does not act "of its own motion, but in obedience of the order of its superior." In a similar situation we quoted with approval the text of 2 R.C.L. 289, that "Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but obey, otherwise litigation would never be ended." Kinney v. White, 215 Ala. 247, 110 So. 394.

In this case the trial court carried out the mandate of this court. Its action must be affirmed.

We may add that, on a reexamination of our opinion and decision on former appeal, we find no reason to depart therefrom.

Affirmed.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.