The plaintiff sued the defendant for negligently or wantonly injuring the plaintiff. The plaintiff recovered a judgment against the defendant. Thereafter, the trial court granted the defendant's motion for judgment notwithstanding the verdict. The plaintiff appealed the trial court's action to this court. This court reversed the trial court's granting of defendant's motion for j.n.o.v.
Specifically, this court stated: "This case is due to be reversed and remanded for disposition not inconsistent with the foregoing opinion." For a more complete understanding of the case and this court's action interested persons should consultWalker v. Humana Medical Corporation, 415 So.2d 1107
(Ala.Civ.App. 1982).
Upon remand to the trial court the learned trial judge, apparently on his own motion, entered the following order:
 "Pursuant to the opinion of the Alabama Court of Civil Appeals entered on May 12, 1982 (Rehearing denied June 9, 1982), and its directions contained therein, the Court hereby sets aside its Order entered on January 6, 1982, granting defendant's Motion for Judgment Notwithstanding the Verdict.
 "The prior judgment of this Court awarding Five Thousand and No/100 ($5,000.00) Dollars to the plaintiff based upon negligence is hereby set aside and held for naught in accordance with the opinion of the Alabama Court of Civil Appeals entered on May 12, 1982 (rehearing denied June 9, 1982).
 "It further appearing that the jury verdicts of September 17, 1981, for both negligence and wantonness are inconsistent and cannot co-exist under the same action, the Court hereby enters judgment in accordance with the jury verdict based upon wantonness and assess damages against the defendant at Seven Thousand and No/100 ($7,000.00) Dollars."
The plaintiff now appeals the trial court's latest action and we again reverse and remand for entry of a judgment as directed.
After an appellate court, in appropriate cases, has directed entry of a judgment, the only function of the trial court is to enter and implement the appropriate judgment. Hames v. Irwin,256 Ala. 319, 54 So.2d 293 (1951); Lyon v. Foscue, 60 Ala. 468
(1871); 5 Am.Jur.2d, Appeal Error § 991; 5B C.J.S. Appeal Error § 1978.
While this court's mandate in Walker v. Humana MedicalCorporation, supra, may not be a paragon of clarity, by virtue of this appeal we have an opportunity to be more precise.
Our mandate in Walker v. Humana Medical Corporation, supra, under the facts and issues presented by that appeal required the trial court to enter an order setting aside the trial court's order granting the defendant's motion for j.n.o.v. and enter a judgment as stated by the jury's verdict, to wit, a judgment awarding plaintiff $5,000 on his negligence claim and $7,000 on his wanton claim. *Page 893 
The trial court is directed to enter such order.
The case is reversed and remanded for entry by the trial court of an order as above directed.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.