This garnishment proceeding comes before this court for a second time. Plaintiff appeals the money judgment entered by the trial court on remand, contending that the trial court failed to properly implement the mandate issued by this court on the prior appeal of this action. See Walker v. CarolinaMills Lumber Co., 429 So.2d 1065 (Ala.Civ.App. 1983).
At this point we note that some might consider our prior opinion and mandate not to be a paragon of clarity. However, the facts of the case and other factors may in large measure have contributed to any misunderstanding as to what this court held. In any event, by virtue of this appeal we have an opportunity to hopefully to some be *Page 981 
more precise. See Walker v. Humana Medical Corp., 423 So.2d 891
(Ala.Civ.App. 1982).
After having considered the briefs of counsel, this court's earlier opinion, and the judgment entered by the trial court on remand, this court finds that the trial court properly implemented the earlier opinion of this court and that its judgment is due to be affirmed.
The complicated facts of this proceeding are as follows: plaintiff, Elizabeth W. Walker, was divorced from her husband, Richard D. Walker, Jr., in 1960. On February 12, 1980, she filed a petition for rule nisi in Mobile County Circuit Court to collect $41,200 worth of child support and alimony arrearages. (At about this same time, Mr. Walker talked with his employer about having his new wife's name substituted for his own on the company payroll records.) On May 26, 1980, the circuit court entered a judgment in favor of the former Mrs. Walker, fixing arrearages at $43,561. Thereafter, on July 21, 1980, Mrs. Walker caused a writ of garnishment to be served on her ex-husband's employer, Carolina Mills Lumber Co. On that date Mr. Walker's commission account with Carolina Mills carried a balance of $7,365.09.
Carolina Mills structured its financial relationships with its salesmen on commission in a peculiar manner. A thorough understanding of that procedure is necessary for review of the trial court's action; however, for the sake of brevity, that procedure will not be described here; instead, the reader is referred to the earlier opinion. See 429 So.2d at 1067, 1069-70. Suffice it to say here that many of the payments Carolina Mills made to its salesmen did not represent an earned salary, but were instead cash advances, or loans, and put the salesmen in a position of being "net debtors" to Carolina Mills. In our earlier opinion this court found that such cash advances (which are in reality loans) are not subject to the garnishment process. Id. at 1070.
Sometime in late July, after having been served with the garnishment writ, Carolina Mills allowed both Mr. Walker and his current wife to withdraw amounts from Mr. Walker's account. Then, on July 31, 1980, at the end of its accounting year, Carolina Mills simultaneously credited Walker's account for an additional $7,972.10 in commissions earned and debited it for $23,156.95, representing an uncollectable account. This large debit left Mr. Walker's account with a negative balance, making him a net debtor to Carolina Mills.
During August of 1980 both Mr. Walker and his current wife again made withdrawals from his account. However, on August 31, 1980, the company transferred the commission account into his current wife's name and all subsequent withdrawals were made by her. Because of her withdrawals and because of various chargebacks made by Carolina Mills, the account carried a negative balance through at least March 31, 1981. In issuing a judgment for plaintiff on the garnishment writ, the trial court allowed the writ to attach to the $7,365.09 balance in the account on July 21, 1980, and to all draws made by Mr. Walker after that date, finding that all payments to Walker by Carolina Mills were garnishable. The trial court also found that fraudulent intent motivated Mr. Walker to assign his account to his current wife. However, the court refused to garnish any amounts drawn by the current Mrs. Walker, because it was under the mistaken impression that a finding of fraudulent collusion on the part of Carolina Mills was necessary as a matter of law to set aside the assignment.
Plaintiff appealed and this court affirmed the garnishment of the $7,365.09, but reversed the trial court's refusal to set aside the assignment to the current Mrs. Walker. This court also extensively discussed Carolina Mills' financial relations with its salesmen, and held as a matter of law that cash advances, being in the nature of loans, are not garnishable. At the time we discussed those advances, we were under the mistaken impression that the trial court had found such amounts not to be garnishable. See id. at 1070. ("The trial court so found, and we agree, that . . . advances will not fall under the writ.") However, as plaintiff points *Page 982 
out, the trial court had in fact treated advances as garnishable, including such amounts in its award to plaintiff. Therefore, this court, when its prior opinion is read in its entirety, reversed the trial court's judgment on the advancement issue. However, because of our mistaken assumption that the trial court had found as we found on that issue, we did not specifically state in our last paragraph that we were reversing on the advancement issue. We noted only that we were reversing on the fraud issue. We then remanded to the trial court for entry of a new judgment.
On remand, the trial court awarded plaintiff the entire $7,365.09 balance in Mr. Walker's account on the date the writ was served. The trial court also awarded plaintiff 25% of all amounts withdrawn by either Mr. Walker or his current wife before July 31, 1980. See § 6-10-7, Ala. Code (1975). The trial court did, however, refuse to garnish any amounts paid to either Mr. Walker or his current wife after July 31, 1980, because Walker's commission account apparently carried a negative balance after that date and, therefore, all payments were in reality loans, or cash advancements.
Plaintiff now appeals, emphasizing the directions in the last paragraph of our opinion and the mandate issued simultaneously which both said that we were reversing only the fraud issue. Plaintiff, through able counsel, contends that the trial court's order on remand is inconsistent with those directions because it held cash advances not garnishable. Put another way, plaintiff contends that because our mandate and last paragraph failed to specifically state that we actually were also reversing on the cash advances issue, on remand the trial court was bound to apply its own (inconsistent) finding on that issue and hold all payments by Carolina Mills to be garnishable. This argument cannot be accepted.
On remand, the issues decided by the appellate court become law of the case and the trial court's duty is to comply with the appellate mandate "according to its true intent and meaning, as determined by the directions given by the reviewingcourt." Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983) (emphasis added). When the mandate is not clear, the opinion of the court should be consulted. See Cherokee Nation v. Oklahoma,461 F.2d 674 (10th Cir.), cert. denied, 409 U.S. 1039,93 S.Ct. 521, 34 L.Ed.2d 489 (1972). In this case, the "true intent and meaning" of this court to treat appropriate advances, such as we have in this instance, as not being garnishable was to this court apparent in our prior opinion. The trial court recognized this and complied with the intent and meaning of our decision. Accordingly, its decision is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.