This is a petition for writ of mandamus to be issued from this court directing the Honorable J.B. Baird, Judge of the Circuit Court of Tuscaloosa County, to set aside his order requiring the case of Dodson v. Atrax Division ofWallace-Murray Corp., 437 So.2d 1294 (Ala.Civ.App. 1983), to be retried, and instead, to enter judgment in favor of claimant, Judy Dodson, and award her workmen's compensation benefits based on the percentage of her impaired earning ability.
Claimant worked for defendant-corporation as a furnace operator. She was around hazardous substances used by defendant in the manufacturing process such as tungsten carbide and cobalt. In the fall of 1981, claimant was diagnosed as having asthma and bronchitis caused by exposure to tungsten carbide. She then filed suit against defendant, but the circuit court denied her any benefits. On appeal this court reversed and remanded the trial court's ruling, finding claimant suffered from an *Page 885 
"occupational disease" which impaired her earning ability. It remanded to the circuit court for proceedings not inconsistent with the above.
After the case was remanded to the circuit court, defendant's insurance carrier, Liberty Mutual Insurance Company, refused to pay claimant any benefits. After a conference on the matter the trial court entered an order directing that the case be retried.
The issue presented here is whether the trial court can order a new trial or should enter judgment in favor of claimant as directed by this court.
Defendant contends a completely new trial must be had on the matter. Claimant contends the trial court must enter judgment in accordance with the directions given it by this court. We agree with claimant.
This court reviewed the evidence and concluded that the trial court had erred in not finding that claimant had in fact suffered a compensable disability. We also determined that claimant suffers from an occupational disease, i.e. "an allergy which prohibits her from working at Atrax, or any similar industrial environment." The residual effect of her bronchitis leaves her suffering from a "chronic effect" and her earning ability is thereby impaired. We left to the determination of the trial court the percentage of her benefits. This is because the determination of the proper percentage of permanent and partial disability rests with the trial court based on the evidence presented. Hester v. Ridings, 388 So.2d 1218
(Ala.Civ.App. 1980).
Subsequently, this court denied defendant's application for rehearing and the Supreme Court of Alabama denied defendant's petition for certiorari.
Defendant apparently now wants to reopen the record in an attempt to present new and additional evidence on its behalf.
Although the directions we gave the trial court in our opinion concerning the disposition of the case upon remand are not as specific as they should have been, we nevertheless consider that our directions are clear enough for the trial court to follow in disposing of the case.
As noted above we reversed the trial court's finding that claimant had not suffered a compensable disability and went on to point out that the evidence does show that claimant suffers from an occupational disease and that her earning ability is impaired. We then remanded the cause for the trial court to proceed to a disposition of the case in accordance with our conclusions. What was left for the trial court to do in these circumstances?
In view of our finding that claimant's earning ability had been impaired by the contraction of an occupational disease, the only step to be taken by the trial court in disposing of this case was to determine the percentage of claimant's earning impairment based on the evidence already before it and award compensation benefits as required by the evidence and the law.
In the case at bar the trial court is not authorized to conduct a completely new trial but is limited to disposing of the case in accordance with the directions given to it by this court. Hames v. Irwin, 256 Ala. 319, 54 So.2d 293 (1951). The writ of mandamus will be granted unless, within ten days of this opinion, the trial court enters judgment holding that claimant suffers from an occupational disease, that as a result her earning ability is impaired, and that she is entitled to compensation benefits as determined by the trial court based on the law and the evidence presently before the court.
WRIT GRANTED CONDITIONALLY.
WRIGHT, P.J., and HOLMES, J., concur. *Page 886