Appellants, Edwin and Elva Auerbach, appeal the judgment entered by the trial court on remand declaring that the roadway (hereinafter referred to as the "Gibson-Auerbach Road") running from Hillabee Road across the property of the appellee, Richard Parker, and the property of the Auerbachs to Mt. Zion Road to be a public roadway and ordering Parker and the Auerbachs to dismantle any gates that either party maintains in order to allow the general public "full rights of ingress and egress upon said road, from either Hillabee Road or Mt. Zion Road." We affirm.
The Auerbachs contend that the trial court erred when it held that a public road existed on their property and ordered them to dismantle all gates crossing their property.
The underlying facts of this case are set out in Auerbachv. Parker, 544 So.2d 943 (Ala. 1989), in which we reversed the trial court's judgment and held:
 "The old 'farm market wagon road' at issue, [the Gibson-Auerbach Road] which appears on a 1901 map, connects Hillabee Road with Mount Zion Road in rural Montgomery County. . . . The road ran over the Gibson [Parker] property . . . before reaching the Auerbach property and eventually joining Mount Zion Road.
". . . .
 "The record is replete with evidence that the Gibson-Auerbach road was used by the public to reach Mount Zion Road from Hillabee Road for more than 20 years, that it was travelled by families who lived on the road beyond the Gibson property, and that it was mapped as a public highway. Thus, the Gibson-Auerbach road was public; in order for the trial court to hold that the road is now private, it must have found that the road had been abandoned.
". . . .
 ". . . [T]he facts that the Auerbachs erected a locked gate across the road at their property line; . . . and that Parker erected a locked gate across the road at his property line, will not cause the road to lose its character as a public way, because it is evident that there was no interruption of its use by those traveling it.
 "Parker has failed to show by clear and convincing evidence that the road was statutorily abandoned, abandoned by nonuser for 20 years, or replaced by another public highway and not used for an appropriate period of time. . . ." (Emphasis added.)
544 So.2d at 944-46.
No application for rehearing was filed by either party. After the case was remanded to the trial court, the Auerbachs filed a motion requesting the trial court to order Parker to remove his gate from across the road, to order a survey of the road, and to tax the costs against Parker. Parker filed a response in which he expressed his willingness to "remove the locked gate from across the public road if [the Auerbachs] . . . remove their locked gates from the public road." The Auerbachs filed an objection *Page 902 
to Parker's response to their motion to appoint a surveyor, contending that the roadway in question did not cross their property and therefore was not part of the roadway declared a public road by this Court. After a hearing on the Auerbachs' motion to appoint a surveyor, the trial court entered a judgment that reads in pertinent part as follows:
 "1. That the roadway in question, running from Hillabee Road to Mt. Zion Road across the property of the [Auerbachs] and [Parker] (also known as Gibson-Auerbach Road) is hereby declared to be a public road.
 "2. That the general public shall have full rights of ingress and egress upon said road, from either Hillabee Road or Mt. Zion Road.
 "3. That both [the Auerbachs] and [Parker] are hereby ordered to dismantle all gates maintained by either party crossing said roadway within 30 days from the date of this order."
The Auerbachs appealed.
It is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court by entering and implementing the appropriate judgment. SeeWalker v. Humana Medical Corp., 423 So.2d 891, 892
(Ala.Civ.App. 1982). In Ex parte Alabama Power Co.,431 So.2d 151, 155 (Ala. 1983), we held:
 " 'It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered. . . . The appellate court's decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence. . . .' 5 Am.Jur.2d, Appeal Error § 991 (1962).
 "In Kinney v. White, 215 Ala. 247, [248-49,] 110 So. 394 (1926), this court, in a second appeal of that case, noted that in the prior appeal it had reversed and remanded the cause so 'that the trial court may proceed with the cause and render a decree according to the opinion of this Court.' 215 Ala. at 248, 110 So. 394. This court held the mandate meant exactly what it said:
 " 'The reversal was not one with mere general directions for a new trial, referred to by some of the authorities as an "unqualified reversal" (2 R.C.L.p. 290), but one with specific directions.
 " ' "Where * * * the cause is remanded with directions as to the judgment to be entered, such judgment should be entered without a new trial." 13 Ency.Plead. Pract. p. 854. "Where a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. * * * Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed 'has no power to do anything but obey, otherwise, litigation would never be ended." 2 R.C.L. p. 289.' "
In Erbe v. Eady, 447 So.2d 778, 779 (Ala.Civ.App. 1984), the Court of Civil Appeals held:
 "When a case is remanded to a trial court after a decision on appeal, 'issues decided by the appellate court become law of the case and the trial court's duty is to comply with the appellate mandate. . . .' Walker v. Carolina Mills Lumber Company, 441 So.2d 980, 982
(Ala.Civ.App. 1983). The trial court is not free to reconsider issues finally decided in the mandate. Instead,
 " '[i]f circumstances arise that cast doubt on the correctness of the law of the case as established on appeal, arguments in support of departure from the mandate must be addressed to the appellate court, . . .' 1B Moore's Federal Practice, Paragraph 0.404[10] (2d ed. 1983) (citations omitted)." *Page 903 
After a thorough review of the record, the briefs, this Court's earlier opinion, and the judgment entered by the trial court on remand, we find that the trial court complied with our mandate in Auerbach v. Parker, supra, which held that the roadway (the Gibson-Auerbach Road) that connects Hillabee Road with Mt. Zion Road was a public road. This issue, having already been settled by appellate decision, with no application for rehearing being filed by either party pointing out any error in the Court's opinion, was no longer within the province of the trial court. Therefore, the trial court properly ordered Parker and the Auerbachs to dismantle any gates that either party maintained, in order to allow the general public "full rights of ingress and egress upon said road, from either Hillabee Road or Mt. Zion Road."
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.