This is the second time that this case has been before this court. On May 22, 1989, Cheryl A. Murphree (wife) filed a complaint seeking a divorce from Donald E. Murphree (husband). The trial court granted the divorce on April 9, 1990, and awarded custody of the parties' two children to the husband. The wife was ordered to pay $250 per month in child support, and she appealed.
On appeal, this court held that the wife would be unable to pay both her living expenses and the ordered amount of child support, that the ordered amount of child support was beyond her ability to pay, and that the trial court's order was erroneous. The portion of the trial court's decree awarding child support was remanded for further proceedings. SeeMurphree v. Murphree, 579 So.2d 694 (Ala.Civ.App. 1991).
On remand the trial court applied the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration, and ordered that the wife pay child support in the amount of $274 per month. The wife appeals, contending that the trial court was required to decide the case on remand in conformity with this court's prior opinion. We reverse and remand.
At the outset we note that issues in a case on remand to the trial court after a decision on appeal become the law of the case, and it is the duty of the trial court to comply with the appellate mandate. Erbe v. Eady, 447 So.2d 778 (Ala.Civ.App. 1984). The trial court is not free to reconsider the issues; rather, if there are circumstances which arise that cast doubt on the correctness of the law of the case, arguments concerning departure from the mandate must be addressed to the appellate court. Id.
Further, it is mandatory in actions filed after October 9, 1989, that the child support guidelines be applied; however, the guidelines are optional in actions prior to that date. Preface, Rule 32, A.R.J.A.; Whitfield v. Whitfield,570 So.2d 700 (Ala.Civ.App. 1990).
The record reveals that this action was filed prior to the date that the application of the guidelines became mandatory and that the original divorce decree granted $250 in child support without reference to the Child Support Guidelines. The only additional evidence presented to the court on remand was child support guideline forms which showed $1,312.64 gross monthly income for the wife and $3,222.00 gross monthly income for the husband.
When reversing the trial court in Murphree, this court stated as follows:
 "The record shows that the wife is a secretary whose gross income averages $1,386.67 per month. The wife's fixed expenses for rent, utilities, and car payment alone total almost $1,000 monthly. *Page 303 
 This leaves less than $400 from which the wife must pay all federal, state, and local taxes, along with the expenses of food, gasoline, and other necessities. It is thus clear that, even without the addition of $250 per month child support, the wife's salary is hardly sufficient to provide her with the essentials of life. In contrast, the record shows that the husband is employed as an electrician and earns a gross income in excess of $38,000 per year.
 "It would not serve the best interests of the children to order payment of child support in an amount which the evidence clearly indicates is beyond the ability of the parent to pay. Travis v. Travis, 345 So.2d 321 (Ala.Civ.App. 1977). The facts clearly show that the wife will be unable to pay both her living expenses and the ordered amount of child support; thus, the ordered amount of child support is beyond her ability to pay and the trial court's order is erroneous. This aspect of the trial court's decree is remanded for further proceedings."
Murphree, 579 So.2d at 637.
The wife contends that the trial court erred in increasing the amount of child support that she was ordered to pay rather than relieving her of the obligation to pay child support. She claims that the trial court was bound by this court's opinion and that such opinions must be followed and acted upon. We agree.
On remand the trial court applied the Child Support Guidelines, stating that there was no justifiable reason to deviate from the guideline amount. However, because this action was filed before October 9, 1989, it was not mandatory that the guidelines be applied. In contrast, this court found the previous amount of ordered child support to be erroneous and beyond the wife's ability to pay. The case was remanded for further proceedings. Clearly, given the facts and the language of the opinion, "further proceedings" meant a reduction in the amount of child support awarded. The trial court had a duty to comply with the mandate of this court, and arguments in support of departure from the mandate must be addressed to this court.Erbe, 447 So.2d 778.
Therefore, this case is reversed and remanded with instructions for the trial court to enter an order consistent with the previous opinion of this court decreasing the amount of child support to an amount that is within the wife's ability to pay.
The wife requests an attorney's fee for representation on appeal. An attorney's fee is granted in the amount of $400.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.