CRAWLEY, Judge.
Jesse Whisenant and Raymond Dooley Whisenant inherited real property from their father. Raymond filed a petition to sell the real property for division, pursuant to § 35-6-20 et seq., Ala.Code 1975.
Jesse filed an answer and, more than 10 days before the hearing on Raymond’s petition, filed a motion to purchase Raymond’s interest in the property based on an appraised value of $95,000.
After conducting a hearing, at which both Jesse and Raymond testified they wanted a private sale, the trial court, without following the procedural framework set out in §§ 35-6-100 through -104, Ala. Code 1975 (the “Act”), denied Jesse’s motion to purchase Raymond’s interest in the property and ordered a public sale. Jesse appeals.[1]
Raymond filed a motion, pursuant to Rule 4(a)(1), Ala. R.App. P., to dismiss the appeal on the ground that the trial court’s order directing a sale was not a final order. That motion is- denied. See Holman v. Bane, 698 So.2d 117, 120 (Ala.1997) (“either the order directing the sale for division or the order confirming the sale may be considered a final judgment for purposes of appeal”).
The Act, entitled “Purchase of Interest of Joint Owner Filing for Partition,” provides, in pertinent part:
“Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not.”
Section 35-6-100, Ala.Code 1975 (emphasis added).
*1123 The Act makes it mandatory that the court provide for the purchase by a joint owner or a tenant in common. Prince v. Hunter, 388 So.2d 546 (Ala.1980), and Jolly v. Knopf, 463 So.2d 150 (Ala.1985).
The judgment is reversed, and the case is remanded to the trial court to proceed according to the Act.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ, concur.

. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.