PITTMAN, Judge.
Virginia R. Travis (“the former wife”) appeals from an amended judgment of divorce entered on remand after the trial court’s original judgment had been reversed by this court. The former wife and Francis Edwin Travis (“the former husband”) were divorced on January 10, 2002, after a marriage of nearly 18 years. This court previously related the facts in this case and discussed the applicable law in Travis v. Travis, 849 So.2d 177 (Ala.Civ.App.2002) (^‘Travis I ”).
On remand, the trial court held an ore tenus proceeding on February 12, 2003. On the same date, the trial court made an entry on the case action summary sheet awarding the former wife 25% of the former husband’s future stock options and reserving the issue of periodic alimony. The former wife filed a timely appeal from that judgment. Subsequently, the former wife requested leave from this court to file a Rule 60(b), Ala. R. Civ. P., motion in the trial court; that motion was granted. On April 14, 2003, the former wife filed her *1214 Rule 60(b) motion; that motion was denied two days later.
The former wife now raises one central issue: whether the trial court’s amended judgment fully complies with this court’s opinion in Travis I. “The issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues.” Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001) (citing Murphree v. Murphree, 600 So.2d 301 (Ala.Civ.App.1992)). Moreover, on remand, “ ‘the trial court’s duty is to comply with the appellate mandate “according to its true intent and meaning, as determined by the directions given by the reviewing court.” ’ ” Ex parte Jones, 774 So.2d 607, 608 (Ala.Civ.App.2000) (quoting Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982 (Ala. Civ.App.1983), quoting in turn Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983)).
In Travis I, this court concluded that “the combination of the wife’s low income and lack of assets together with the trial court’s failure to award alimony renders the judgment inequitable.” 849 So.2d at 182. That conclusion was based, in part, on the disparity between the former husband’s and the former wife’s salaries and on the fact that the former wife had been ordered to pay the outstanding mortgage debt, all annual property taxes and insurance premiums, and any upkeep costs for the marital residence until the youngest child reaches the age of 19. We do not consider the award to the former wife of 25% of the former husband’s future stock options (options that his employer offered in lieu of retirement benefits) to be a sufficient award of an asset to overcome the former wife’s present need for alimony.
Generally, “ ‘[wjhen the mandate is not clear, the opinion of the court should be consulted.’ ” Ex parte Jones, 774 So.2d at 608 (quoting Walker, 441 So.2d at 982). We recognize, however, that the opinion in Travis I failed to give specific instructions to the trial court. While the trial court, on remand, awarded the former wife a quarter of the former husband’s future stock options, that award does nothing to assist the former wife in meeting her present monthly expenses. At the time of the divorce, the parties possessed only one substantial asset, the marital residence, which the trial court ordered to be sold at the time the youngest child reaches age 19; that asset, therefore, is also of no immediate benefit to the former wife in meeting her current expenses. The inequity in the divorce judgment that we determined to exist in Travis I cannot be overcome by a mere award of stock options and a reservation of jurisdiction to award periodic alimony.
. Because of the former wife’s lack of present assets with which to pay her monthly expenses, some of which the trial court itself imposed, we conclude that the former wife is entitled to an award of periodic alimony under the facts and circumstances of this case. See, e.g., Russell v. Russell, 844 So.2d 1215 (Ala.Civ.App.2002). As to that issue, the judgment is reversed and the cause is remanded for the trial court to award the former wife an equitable amount of periodic alimony.
The former wife argues that the trial court erred in failing to award her an attorney fee. Alabama caselaw is clear that “[t]he award of an attorney fee in a divorce case is within the sound discretion of the trial court and will not be reversed except for an abuse of discretion.” Brasfield v. Brasfield, 679 So.2d 1091, 1095 (Ala.Civ.App.1996); see also Thompson v. Thompson, 650 So.2d 928 (Ala.Civ.App.1994). Nevertheless, it is also well settled that “in determining whether to award an *1215 attorney fee, the trial court should consider the conduct of the parties, the financial circumstances of the parties, and the outcome of the litigation.” Grice v. Grice, 673 So.2d 772, 776 (Ala.Civ.App.1995). As noted in Travis I, the former wife alleged and attempted to prove adultery on the part of the former husband; the trial court specifically found that there was “ ‘insufficient evidence of adultery’ ” and granted the divorce on incompatibility grounds. 849 So.2d at 181. Because the trial court determined that the parties should be divorced with no fault apportioned as to the breakdown of the relationship, we cannot say that requiring each party to be responsible for his or her own attorney fee was error on the part of the trial court.
Reviewing this case in light of the factors set forth in Grice, we conclude that the trial court did not abuse its discretion when it declined to award the wife an attorney fee. The former wife’s request for an award of an attorney fee on appeal is granted in the amount of $1,000.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.