This is, in effect, the second time this matter has been before this court.
In September 1993, Johnny A. Johnson sued his employer, the City of Gadsden ("the City"), seeking to recover workers' compensation benefits for injuries he allegedly suffered in a February 15, 1993, on-the-job accident. On October 4, 1996, the trial court entered a judgment finding, in part, that Johnson had suffered a 90% loss of earning capacity and a 90% vocational impairment as a result of his February 15, 1993, on-the-job injury. After the trial court denied its postjudgment motion, the City appealed.
This court concluded that the evidence did not support the trial court's October 4, 1996, judgment, and it reversed that judgment. City of Gadsden v. Johnson, 706 So.2d 1268
(Ala.Civ.App. 1997). See this court's opinion in City of Gadsdenv. Johnson, supra, for a detailed recitation of the facts of the case and this court's discussion of its holding. In its opinion, this court specifically concluded that "the record contains no evidence indicating that the surgeries performed in 1994 were causally connected to the February 1993 injuries [Johnson suffered]." City of Gadsden v. Johnson, 706 So.2d at 1271.
Johnson had filed a separate action against the City in which he sought workers' compensation benefits for another on-the-job accident that allegedly occurred on October 19, 1993; that action was still pending at the time this court considered Johnson's appeal of the October 4, 1996, judgment pertaining only to the February 15, 1993, injury. This court, in a footnote in City ofGadsden v. Johnson, supra, explained that the Municipal Workers' Compensation Fund, Inc. ("the Fund"), had filed a separate action seeking a declaration that it was not liable to Johnson as a result of his October 19, 1993, on-the-job injury.[1]
On remand, Johnson moved for a new trial. The City opposed that motion, arguing that the trial court should enter a judgment based on the evidence from the original trial of the matter. The trial court granted Johnson's motion for a new *Page 905 
trial.[2] Later, on Johnson's motion, the trial court consolidated the action with his action pertaining to the October 19, 1993, on-the-job accident and the Fund's declaratory-judgment action. The trial court conducted an ore tenus hearing in July 1999 on all of those actions.
On October 6, 2003,[3] the trial court entered a judgment in which it found, in part, that Johnson had suffered an on-the-job injury on February 15, 1993, and that the October 19, 1993, on-the-job accident resulted in an aggravation of the February 15, 1993, injury. Therefore, the trial court found in favor of the Fund in its declaratory-judgment action against Johnson and the City. The trial court determined that "theinjuries complained of arose out of and in the course of [Johnson's] employment with the City of Gadsden which resulted in a 55% loss of earning capacity resulting in a 55% vocational impairment." (Emphasis added.)
On appeal, the City argues that the trial court, on remand, erred in conducting a new trial on the issue of the compensability of Johnson's February 15, 1993, injury. The City contends that the remand order in this court's opinion in Cityof Gadsden v. Johnson, supra, required the trial court to reconsider the case based on the evidence already presented to it in the original trial.
In Ex parte Dodson, 459 So.2d 884 (Ala.Civ.App. 1984), this court had previously reversed the judgment and remanded the case in a workers' compensation action after the trial court had denied the worker's claim for benefits for an occupational disease. See Dodson v. Atrax Div. of Wallace-Murray Corp.,437 So.2d 1294 (Ala.Civ.App. 1983). On remand, the trial court ordered the matter retried, and the worker filed a petition for a writ of mandamus in this court, arguing that the trial court must determine the action based on the evidence already before it. This court held that it would issue the writ, within 10 days of the date of the opinion, if the trial court did not enter a judgment finding that the worker suffered from an occupational disease and determining the benefits to which the worker was entitled. In so holding, this court explained:
 "Although the directions we gave the trial court in our opinion concerning the disposition of the case upon remand are not as specific as they should have been, we nevertheless consider that our directions are clear enough for the trial court to follow in disposing of the case.
 "As noted above we reversed the trial court's finding that claimant had not suffered a compensable disability and went on to point out that the evidence does show that claimant suffers from an occupational disease and that her earning ability is impaired. We then remanded the cause for the trial court to proceed to a disposition of the case in accordance with our conclusions. What was left for the trial court to do in these circumstances?
 "In view of our finding that claimant's earning ability had been impaired by the contraction of an occupational disease, the only step to be taken by the trial court in disposing of this case was to determine the percentage of claimant's *Page 906 earning impairment based on the evidence already before it and award compensation benefits as required by the evidence and the law.
 "In the case at bar the trial court is not authorized to conduct a completely new trial but is limited to disposing of the case in accordance with the directions given to it by this court. Hames v. Irwin, 256 Ala. 319, 54 So.2d 293 (1951)."
Ex parte Dodson, 459 So.2d at 885 (emphasis added).
In Murphree v. Murphree, 600 So.2d 301 (Ala.Civ.App. 1992), this court had previously reversed a child-support award, which had been determined before the adoption of the Rule 32, Ala. R. Jud. Admin., child-support guidelines, concluding that the child-support award was beyond the wife's ability to pay. SeeMurphree v. Murphree, 579 So.2d 634 (Ala.Civ.App. 1991). On remand, the trial court applied the Rule 32 child-support guidelines and ordered the wife to pay an amount greater than that required in its original judgment. This court reversed the judgment, noting that the trial court was not free to reconsider the issue decided by the appellate court. Although the first appeal was remanded "for further proceedings," this court held that "[c]learly, given the facts and the language of the opinion, `further proceedings' meant a reduction in the amount of child support awarded." Murphree v. Murphree, 600 So.2d at 303.
In Auerbach v. Parker, 558 So.2d 900 (Ala. 1989), our supreme court had reversed a judgment declaring a road to be a private road. See Auerbach v. Parker, 544 So.2d 943 (Ala. 1989). On remand, the trial court entered a judgment declaring the road to be a public road and ordering the Auerbachs and Parker to remove any gates they had erected across the road. The Auerbachs appealed, arguing that the trial court erred in declaring the road to be a public road. Our supreme court affirmed, holding that the trial court, in its judgment, had complied with that court's mandate. That court concluded that "[the] issue, having already been settled by appellate decision, with no application for rehearing being filed by either party pointing out any error in the Court's opinion, was no longer within the province of the trial court." Auerbach v. Parker, 558 So.2d at 903.
In this case, this court reversed the trial court's judgment and remanded "for further proceedings." City of Gadsden v.Johnson, 706 So.2d at 1272. Those directions are not as clear as they might have been. See Ex parte Dodson, 459 So.2d at 885. However, it is clear that the trial court, on remand, was to determine, from the evidence already before it, the degree of any disability Johnson suffered as a result of the February 1993 on-the-job accident. See Auerbach v. Parker, 558 So.2d 900;Murphree v. Murphree, 600 So.2d 301; and Ex parte Dodson, supra. Instead, the trial court took new evidence on the issue already decided by this court, and that evidence was intermingled with evidence pertaining to another injury. The trial court was not free to conduct a new trial that addressed, at least in part, the February 15, 1993, injury. See Ex parte Dodson,459 So.2d at 885. Further, the trial court's judgment on remand determined Johnson to have suffered a 55% disability based on bothinjuries.
We have no alternative but to reverse the trial court's judgment and to remand this case for the trial court to comply with this court's mandate in City of Gadsden v. Johnson, supra. The trial court must determine, based on the evidence presented to it at the original trial, the level, if any, *Page 907 
of Johnson's disability as a result of the February 15, 1993, on-the-job accident.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and MURDOCK, JJ., concur.
PITTMAN, J., concurs specially.
[1] The explanation of the Fund's role in this matter reads as follows:
 "The accident on October 19, 1993, is the subject of a declaratory judgment action filed on April 13, 1995, by the Municipal Workers' Compensation Fund, Inc. The Fund had insured the City until July 31, 1993; it seeks an adjudication that it is not liable for the injuries Johnson sustained as a result of the accident on October 19, 1993. There is no indication in the record that Johnson amended his original complaint at any time to include the October 1993 accident. On April 21, 1995, three days after the trial of this case, counsel for Johnson moved to have the workers' compensation action and the declaratory judgment action consolidated, alleging that Johnson was 100% disabled as a result of the injuries he had sustained in February 1993 and had later aggravated, or as a result of the injuries he sustained in October 1993. Johnson sought to have the two cases consolidated for discovery purposes and to have the trial testimony that was presented in the workers' compensation trial be part of any evidence to be presented in the declaratory judgment action. The trial judge that was assigned the declaratory judgment action granted the motion to consolidate the cases for discovery purposes on May 24, 1995. At the time of this appeal, the declaratory judgment had yet to be tried."
City of Gadsden v. Johnson, 706 So.2d 1268, 1270 n. 1 (Ala.Civ.App. 1997).
[2] The City filed a petition for a writ of mandamus in this court, and this court denied that petition, without an opinion.Ex parte City of Gadsden (No. 2980734, April 13, 1999),777 So.2d 337 (Ala.Civ.App. 1999) (table) (Robertson, P.J., and Yates and Monroe, JJ., concurring; Crawley and Thompson, JJ., dissenting).
[3] The record does not indicate the reason for the four-year delay between the July 1999 hearing and the trial court's October 6, 2003, judgment.