Jesse Whisenant petitions this court for a writ of mandamus to compel the trial court to comply with this court's order of remand dated June 27, 2003. Whisenant v. Whisenant,868 So.2d 1121 (Ala.Civ.App. 2003). The facts regarding this property dispute were summarized in our previous opinion. We grant the petition and issue the writ.
The standard of review applicable to a petition for a writ of mandamus is settled.
 "A writ of mandamus is an extraordinary remedy, and it will be `issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252 (Ala. 1991)."
Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894
(Ala. 1998). Our supreme court has also stated:
 "On remand, trial courts are required to follow the mandates of this Court or of any other appellate court. Kinney v. White, 215 Ala. 247, 110 So. 394
(1926). The question of whether a trial court after remand has correctly interpreted and applied an appellate court's decision is properly reviewable by a petition for a writ of mandamus. Ex parte Bradley, 540 So.2d 711, 712 (Ala. 1989). If a trial court fails to comply with an appellate court's mandate, mandamus will lie to compel compliance. Id.; Ex parte Alabama Power Co., 431 So.2d 151
(Ala. 1983)."
Ex parte United States Fidelity Guar. Co., 585 So.2d 922, 924
(Ala. 1991).
"The new amendments to the partition statute, §§ 35-6-100 to -104, [Ala. Code 1975,] provide an option whereby non-consenting interest holders, upon compliance with a notice requirement, *Page 763 
may purchase the interests of those seeking a sale for division, without offering the property to public bid." Jolly v. Knopf,463 So.2d 150, 153 (Ala. 1985) (emphasis added). Raymond Whisenant, as a co-owner with Jesse, had the right to attempt to purchase Jesse's interest in the property at issue. See Jolly,463 So.2d at 153 ("The legislature may not prejudice or discriminate against a co-tenant of an unpartible parcel of land by denying him or her the opportunity to purchase the interests of the other co-tenants merely because he or she has initiated the proceeding by the filing of a complaint."). However, Raymond failed to give notice "10 days prior to the date set for trial of the case." Ala. Code 1975, § 35-6-100.
Upon remand of this case, the trial court conducted a status conference, which allowed Raymond "a second bite at the apple" by giving Raymond the opportunity to give notice of his intent to purchase Jesse's interest in the property 10 days before the date of the status conference. After the status conference, the trial court entered an order that followed the procedures set out in Ala. Code 1975, §§ 35-6-101 and -102.
The status conference, which, in substance, granted a reopening and retrial of the case, was not authorized.
 "The reversal was not one with mere general directions for a new trial, sometimes referred to as an `unqualified reversal' (2 R.C.L. 290), but one with specific directions, in accordance with the opinion. Where this is so, the trial court does not act `of its own motion, but in obedience of the order of its superior.' In a similar situation we quoted with approval the text of 2. R.C.L. 289, that `Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but obey, otherwise litigation would never be ended.' Kinney v. White, 215 Ala. 247, 110 So. 394 [(1926)]."
Hames v. Irwin, 256 Ala. 319, 321, 54 So.2d 293, 295 (1951). See also City of Gadsden v. Johnson, 891 So.2d 903, 904-05
(Ala.Civ.App. 2004).
The trial court was instructed by this Court to proceed pursuant to the applicable statute — § 35-6-100, Ala. Code 1975. Before doing so, it took an action inconsistent with this court's instruction by allowing Raymond a second opportunity to provide notice of his intent to purchase Jesse's interest in the property. For this reason, we grant the petition and issue the writ and order the trial court to comply with this court's directive as stated in Whisenant v. Whisenant, 868 So.2d 1121.
PETITION GRANTED; WRIT ISSUED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.