MOORE, Judge.
 

 Eileen Thompson (“the employee”) appeals from a December 18, 2007, judgment entered by the Madison Circuit Court enforcing a May 30, 2006, settlement agreement between the employee and Colsa Corporation (“the employer”). We reverse and remand.
 

 Facts and Procedural History
 

 This is the second time this case has come before this court. In
 
 Thompson v. Colsa Corp.,
 
 979 So.2d 812 (Ala.Civ.App. 2007)
 
 (“Thompson I
 
 ”), this court reversed a November 14, 2006, judgment enforcing the May 30, 2006, settlement agreement between the employee and the employer. We remanded the case for the trial court to hold a hearing to determine whether Thompson had reached maximum medical improvement (“MMI”) and whether the settlement agreement was in her best interest.
 
 Thompson I,
 
 979 So.2d at 816.
 

 In
 
 Thompson I,
 
 this court set out the following pertinent facts: On August 12, 2005, the employee filed a complaint against the employer seeking workers’ compensation benefits due to a July 12, 2002, neck injury; on May 30, 2006, the date set for the trial of the claim, the parties orally submitted their settlement agreement to the court for approval; although the trial court held a hearing on the matter on May 30, 2006, the trial court did not enter.any written determination finding that the settlement was in the best interest of the employee and approving the settlement; the employer filed a “motion to enforce the settlement” on September 1, 2006; the employee responded that the settlement should not be enforced because her neck condition had worsened after May 30, 2006, and she required additional surgery; and, on November 14, 2006, the trial court conducted a second hearing and entered a written determination approving the settlement. 979 So.2d at 813-14.
 

 This court reversed the trial court’s November 14, 2006, judgment. 979 So.2d at 816. We held that a judgment approving a settlement could not be affirmed unless the trial court had made an explicit finding that the settlement was in the employee’s best interest or the record affirmatively disclosed that the settlement was in the employee’s best interest. 979 So.2d at 815 (citing
 
 Ex parte Ford,
 
 782 So.2d 185, 187 (Ala.2000)). The trial court had not entered any written determination finding that the settlement was in the employee’s best interest, so this court searched the record to determine if the settlement was in the employee’s best interest. 979 So.2d at 815-16. This court noted that, although the parties originally had submitted medical records from Dr. Kenneth Anderson stating that the employee had reached MMI prior to June 18, 2004, 979 So.2d at 813, the employee had submitted medical records from Dr. Thomas J. O’Brien dated after May 30, 2006, indicating that her neck condition had worsened due, in part, to a surgery necessitated by her July 12, 2002, neck injury. 979 So.2d at 814. In light of the employee’s evidence, this court reversed the judgment and remanded the case for the trial court to determine whether the employee had reached MMI, so that her permanent disability could be determined and for a decision on whether the settlement was in her best interest. 979 So.2d at 816. In reversing the judgment, this court specifically noted that Dr. O’Brien’s records were submitted to the trial court “[bjefore the trial court approved the [May 30, 2006,] settlement agreement” on November 14, 2006. 979 So.2d at 815.
 

 
 *590
 
 On remand, the trial court conducted another hearing to determine the date the employee reached MMI and to determine whether the settlement was in the employee’s best interest. At that hearing, the employee indicated "that, at the time of the May 30, 2006, settlement agreement, she had believed that the settlement was in her best interest but that, soon thereafter, she had developed more severe pain and symptoms that eventually led her to undergo a third neck surgery in October 2006. The employee introduced medical records indicating that her permanent-impairment rating had increased from 15% to 25% following that surgery.
 

 After the employee introduced that evidence, the trial court stated: “Well — and I appreciate all of this but what this relates to is
 
 on the date of the settlement agreement
 
 what the facts were at that time.” The trial court then clarified its understanding of this court’s remand order:
 

 “My reading of this opinion was this on page ten: We reverse the trial court’s judgment and remand the case to the trial court to hold a hearing to determine whether [the employee] has reached MMI and whether its approval of the second settlement agreement is in her best interest.’
 

 “Okay.
 
 At the time of the hearing
 
 all of the evidence before this Court was she had reached MMI. ... You know, if the issue is
 
 on the date that she entered into the agreement
 
 was she at MMI and was this in her best interest, she’s testified that she felt it was in her best interest. She just stated that when she came in here on the date that she entered into the settlement agreement and that she wasn’t threatened, forced or coerced into entering into any type of agreement.”
 

 (Emphasis added.) After the employer’s attorney argued that all the evidence relating to events occurring after May 30, 2006, was irrelevant, the trial court further stated:
 

 “The question is
 
 on the date you came in here and, you know, and entered into this agreement voluntarily what were the facts.
 
 And the facts were on that date that she felt like it was in her best interest to settle the case instead of trying it.”
 

 (Emphasis added.)
 

 Following the hearing, the trial court entered a judgment containing detailed findings of fact and conclusions of law. In that judgment, the trial court stated, in pertinent part:
 

 “The Court finds that
 
 on May 30, 2006,
 
 this case was set for trial. On said date, the parties reached a settlement agreement, which was announced in open court. The parties agreed that the [employer] would pay the sum of FIFTEEN THOUSAND DOLLARS ($15,-000.00) to the plaintiff employee to settle all claims for compensation benefits. Vocational rehabilitation benefits and future medical benefits would remain open.
 

 “Upon review of the evidence submitted by the parties, the Court makes the additional findings of fact and conclusions of law:
 

 “The Court finds that as
 
 of May 30, 2006, the date the [employee] agreed to the second settlement agreement in open court,
 
 she had been placed at maximum medical improvement by Dr. Keith Anderson. The [employee] had also been placed at maximum medical improvement by Thomas J. O’Brien, M.D. on January 6, 2005. The notes from Dr. O’Brien further reflect that on that date, [the employee] was found to be capable of pursuing all activities without restriction.
 

 
 *591
 
 “The Court further finds that [the employee] did not seek additional medical treatment between the date she was placed at maximum medical improvement by Dr. O’Brien and the May 30, 2006 settlement hearing.
 

 “The Court therefore finds that
 
 as of the May 30, 2006 settlement hearing,
 
 the [employee] had reached maximum medical improvement.
 

 “The [employee] testified that
 
 at the time she agreed to the settlement
 
 she felt that the settlement agreement was in her best interest. The Court further finds that the [employee] voluntarily left her employment with the [employer] in July of 2004. She further testified that her earnings with her new employer are in excess of her earnings with [the employer]. At the May 30, 2006 settlement hearing the [employee] was represented by counsel and testified that she was satisfied with the services of her attorney. She also testified that she understood the terms of the settlement agreement and was not coerced into entering into the agreement.
 

 “The Court therefore finds that the approval of the [May 30, 2006,] settlement agreement is in the [employee’s] best interest.”
 

 (Emphasis added.)
 

 From the comments made by the trial court at the hearing and the contents of its judgment, it is apparent that the trial court misapprehended this court’s remand order. As we pointed out in
 
 Thompson I,
 
 the May 30, 2006, settlement agreement was not actually approved until November 14, 2006. Although not stated in
 
 Thompson I,
 
 that conclusion rests on § 25-5-56, Ala.Code 1975, which states, in pertinent part:
 

 “Upon settlements being approved, judgment shall be entered thereon and duly entered on the records of the court in the same manner and have the same effect as other judgments or as an award if the settlement is not for a lump sum.”
 

 Although the trial court held a hearing on May 30, 2006, the trial court did not enter a judgment approving the settlement until November 14, 2006.
 

 Also as noted in
 
 Thompson I,
 
 in the interim between the May 30, 2006, hearing and the November 14, 2006, judgment, the employee submitted medical records indicating that her neck condition had deteriorated and that an additional surgery would be needed to correct her worsening condition. This court specifically remanded the case for the trial court to consider whether, in light of that evidence, which postdated May 30, 2006, the previous declaration of MMI “may have been premature.” 979 So.2d at 816.
 

 In other words, on remand, the trial court was not limited to a consideration of the evidence as it existed on May 30, 2006. Rather, the trial court was to consider whether, as of November 14, 2006, based on all the evidence before it at that time, the employee had reached MMI and whether the settlement reached on May 30, 2006, was in her best interest.
 

 “It is well established that on remand the issues decided by an appellate court become the ‘law of the case,’ and that the trial court must comply with the appellate court’s mandate.
 
 Walker v. Carolina Mills Lumber Co.,
 
 441 So.2d 980 (Ala.Civ.App.1983). See also
 
 Erbe v. Eady,
 
 447 So.2d 778 (Ala.Civ.App.1984). The trial court’s duty is to comply with the mandate ‘according to its true intent and meaning,’ as determined by the directions given by the reviewing court.
 
 Ex parte Alabama Power Co.,
 
 431 So.2d 151 (Ala.1983). When the mandate is not clear, the opinion of the reviewing
 
 *592
 
 court should be consulted.
 
 Walker, supra,
 
 at 982.”
 

 Gray v. Reynolds,
 
 553 So.2d 79, 81 (Ala.1989). The record and the judgment clearly indicate that on remand the trial court considered only the evidence existing on or before May 30, 2006. In doing so, the trial court did not follow this court’s mandate when it analyzed the MMI and best-interest issues.
 

 Because the trial court failed to comply with our remand instructions, we reverse the judgment and remand the case for reconsideration of the ruling based on all the relevant evidence.
 
 See Ex parte Dodson,
 
 459 So.2d 884 (Ala.Civ.App.1984).
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
 

 PITTMAN, J., concurs in the result, without writing.