MOORE, Judge.
 

 In case no. 2080857, Marcy Bradshaw Darnall III, Elizabeth Darnall Champion, Dorothy Darnall Franks, and Trent Putman (hereinafter referred to collectively as “the Darnalls”) petitioned for a writ of mandamus directing the Lauderdale Circuit Court to vacate a portion of its judgment entered on remand after the trial court’s original judgment was reversed in part by this court.
 
 See Darnall v. Hughes,
 
 17 So.3d 1201 (Ala.Civ.App.2008). In case no. 2080919, the Darnalls appeal from that part of the judgment on remand awarding compensatory damages to James Hughes, Jr. (“Hughes”), and Shirley Hughes.
 

 Facts and Procedural History
 

 In
 
 Darnall,
 
 the Darnalls appealed from the trial court’s judgment declaring a certain road to be a public road, ordering the Darnalls to remove the gate blocking the road, and awarding compensatory damages in the amount of $15,000 to the Hugheses and $5,000 to Tyler Calhoun III. 17 So.3d at 1204. This court affirmed the trial court’s judgment except to the extent that it awarded compensatory damages to the Hugheses and Calhoun. With regard to the award of compensatory damages, this court concluded that the amount of damages awarded was speculative and not supported by the evidence, and we reversed the trial court’s judgment and remanded the cause for the trial court to enter a judgment supported by the evidence. 17 So.3d at 1209. On remand, the trial court entered a judgment awarding compensatory damages in the amount of $9,262.50 to the Hugheses and awarding no damages to Calhoun. With respect to the gate, the trial court also ordered: “The posts holding the cross bars not being on
 
 *183
 
 the public road need not be removed but the cross bars themselves, being the prohibited obstruction, must be removed by [the Darnalls] within ten (10) days, from the date of this [judgment].”
 

 Case 'No. 2080857
 
 — Petition
 
 for a Writ of Mandamus
 

 “A writ of mandamus is an extraordinary remedy, and. is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
 

 Ex parte BOC Group, Inc.,
 
 823 So.2d 1270, 1272 (Ala.2001).
 

 The Darnalls argue that the trial court went beyond this court’s instructions on remand. Specifically, the Darnalls challenge the judgment on remand to the extent that it states: “The posts holding the cross bars not being on the public road need not be removed but the cross bars themselves, being the prohibited obstruction, must be removed by [the Darnalls] within ten (10) days from the date of this [judgment].” The Darnalls ask this court to direct the trial court to vacate that portion of the trial court’s judgment.
 

 “It is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court by entering and implementing the appropriate judgment. See
 
 Walker v. Humana Medical Corp.,
 
 423 So.2d 891, 892 (Ala.Civ.App.1982). In
 
 Ex parte Alabama Power Co.,
 
 431 So.2d 151, 155 (Ala.1983), we held:
 

 “ ‘ “It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered .... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence....” 5 Am.Jur.2d,
 
 Appeal & Error
 
 § 991 (1962).’ ”
 

 Auerbach v. Parker,
 
 558 So.2d 900, 902 (Ala.1989).
 

 We agree that the only issue that the trial court was permitted to address on remand was the issue of damages. We note, however, that the trial court’s original judgment had ordered the Darnalls to remove the gate. In its judgment on remand, the trial court merely reiterated the directive in the original judgment by ordering that the cross bars of the gate be removed. We find no material difference in the two provisions. Thus, we conclude that the Darnalls have not shown a clear legal right to the issuance of a writ of mandamus.
 

 Based on the foregoing, we deny Dar-nalls’ petition for a writ of mandamus.
 

 Case No. 2080910
 
 — Appeal
 

 On appeal, the Darnalls argue that the trial court erred in awarding any amount of damages to the Hugheses. In
 
 Damall,
 
 we set forth the evidence relating to compensatory damages as follows:
 

 “Calhoun testified that the most direct and convenient route for him to access his property was by traveling the road that the Darnalls had blocked. He testified that the only other way to get to his property was by asking another property owner for permission to cross his property. Calhoun testified that the value of his property was $144,000 with access to the road; without access, it would be ‘pretty close to worthless.’ [James Hughes, Jr.,] testified that he
 
 *184
 
 had missed two turkey seasons and one deer season because of the Darnalls’ blocking the road. He testified that he could have leased the hunting rights to his 260 acres for approximately $5 an acre, or $1,300. Hughes also testified that he had lost approximately $6,750 in interest from moneys that he could have received if he had not been prevented from using the road to remove timber from his property. Hughes testified that the value of his property is $265,000 with access to the road; without access, the value would be $155,000.”
 

 17 So.3d at 1206.
 
 [1]
 

 The Darnalls note that Hughes testified at trial that he had been delayed from harvesting timber worth
 
 “about
 
 $75,000” from his property and that the prevailing hunting-lease rate is “five dollars an acre
 
 probably.”
 
 (Emphasis added.) The Dar-nalls argue that, because Hughes was not exact in his dollar amounts, the resulting damages were speculative. The Darnalls further argue that the Hugheses failed to testify that they would have leased the hunting rights to their property if the Darnalls had not blocked access to the land. The Darnalls also argue that there was no evidence indicating whether the price of timber had gone up or down during the year and a half that the Hugheses were unable to harvest the timber on their property.
 

 We note, however, that “[a] plaintiff is not required to prove his damages to a mathematical certainty.”
 
 United Servs. Auto. Ass’n v. Hobbs,
 
 858 So.2d 966, 972 (Ala.Civ.App.2003). We conclude that the trial court could have properly determined that the Hugheses had lost interest on the money they could have received from selling harvested timber and that they had lost funds they could have received from leasing the hunting rights to their property. Accordingly, we affirm the trial court’s award of damages to the Hugheses.
 

 2080857 — PETITION DENIED.
 

 2080919 — AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . We note that the $6,750 in interest noted in
 
 Damall
 
 was calculated using an interest rate of 6% per annum; however, in the Hugheses’ brief to the trial court, they argued that an interest rate of 6.5% per annum should have been applied. Applying the 6.5% interest rate, the Hugheses calculated that the total interest lost combined with the total rental income lost would equal $9,262.50. Because the Darnalls have not raised the issue of what is the correct interest rate to this court, however, we will not consider it.