Dewey Lolley executed four promissory notes to Citizens Bank of Enterprise during May and July of 1984. Citizens Bank subsequently declared a default as to all four notes and filed a complaint in the Circuit Court of Coffee County seeking a judgment against Lolley for the amounts due on the notes, plus court costs and attorney's fees of fifteen percent (15%) of the unpaid debt. On June 13, 1985, after trial without a jury, the court entered a judgment in favor of Citizens Bank in the amount of $58,963.25, plus attorney's fees of $8,850.00, plus court costs. Lolley appeals that portion of the judgment pertaining to the award of attorney's fees.
Specifically, Lolley contends that the award of attorney's fees in this case should be vacated and set aside as being based on insufficient evidence. The record before this Court shows that Danny Adams, collections manager for Citizens Bank, was the sole witness to testify at the trial. Adams testified to the balance due on the four notes, and he confirmed that each of the notes contained a provision stating that Lolley would pay court costs and attorney's fees in the event he had to be sued. Although Adams stated that the notes specified an attorney's fee of fifteen percent (15%), on cross-examination he admitted that he was mistaken in that the notes called for a "reasonable" attorney's fee, with no stated percentage. *Page 20 
The standard to be used in determining the reasonableness of an attorney's fee was stated by this Court in King v. Keith,257 Ala. 463, 60 So.2d 47 (1952):
 "The guiding rule in the fixation of attorney's fees is that the trial court, in connection with a consideration of the opinion evidence proffered by qualified experts, may call to his aid his own estimate of the value of such services and the amount of the allowance rests within the sound judicial discretion. Dent v. Foy, 214 Ala. 243, 107 So. 210
[(1925)].
 "And though, in reviewing the propriety of the fixation of such fees by the lower court, this court will be guided by its own judgment upon a consideration of the whole record, Frazer v. First National Bank of Mobile, 235 Ala. 252, 178 So. 441, 126 A.L.R. 1; Dent v. Foy, supra, we make such review with a presumption in favor of the ruling of the court below and will not set aside its decree unless we are convinced that that court abused the discretion wisely vested in it."
257 Ala. at 470, 60 So.2d at 52.
The criteria to be considered in determining a reasonable attorney's fee in Alabama are set forth in Peebles v. Miley,439 So.2d 137 (Ala. 1983). In Peebles, we adopted five additional criteria to expand the list of criteria that were already a part of our law. Ingalls v. Hare, 266 Ala. 221,96 So.2d 266 (1957); King v. Keith, 257 Ala. 463, 60 So.2d 47
(1952); Frazer v. First National Bank of Mobile, 235 Ala. 252,178 So. 441 (1938); Faulk Co. v. Hobbie Grocery Co., 178 Ala. 254,59 So. 450 (1912). Regarding these legal principles dealing with reasonable attorney's fees, we have said: "We do not suggest that all of these criteria must be met. Indeed, there would hardly ever be a case where the application of attorney's fees brought into play every criterion. But they are available for the trial judge to use in connection with each claim for attorney's fees." Graddick v. First Farmers Merchants National Bank of Troy, 453 So.2d 1305, 1311 (Ala. 1984).
This Court provided additional guidance with regard to reasonable attorney's fees in Peebles:
 "Having briefly discussed the most current legal principles dealing with reasonable attorney's fees, we would like to add one caveat. We agree with the admonition of the American Bar Association to the effect that `a fee is clearly excessive when after review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.' . . . As the amount of the recovery increases, the attorney's fee should be prudently reduced. Otherwise, we would have the anomalous situation of a routine collection of a promissory note of $2,000,000.00 and an attorney's fee of $400,000.00. The determination of a reasonable attorney's fee should not be done in a wooden, inflexible manner, but should be done so that all factors will be given their proper interplay. . . .
 "Because of the sensitive nature of the problem of attorney's fees, the litigants and the public would be better served if both attorneys in this case, and their clients, attempted to settle these differences without further resort to the courts."
439 So.2d at 143-44.
The amount awarded Citizens Bank by the trial court as attorney's fees equates to approximately fifteen percent (15%) of the total amount due on the notes executed by Lolley. However, we are unable to determine the reasonableness of this award. Our review of the record discloses no testimony directed to any of the criteria mentioned in Peebles that are to be considered in determining a reasonable attorney's fee. While we recognize that the award of attorney's fees is largely within the discretion of the trial court, Peebles, supra, we can not discern from the record what factors the court considered in deciding the attorney's fees in this case.
Lolley contends that because insufficient evidence was presented with regard to attorney's fees, this Court should vacate the *Page 21 
trial court's judgment awarding attorney's fees and remand the case with instructions that a judgment in his favor be entered, and under such conditions that no new trial can be had and no evidence can be presented on the issue of attorney's fees. Lolley cites Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983), in support of this contention. The Alabama Power case considers whether the trial court on remand following appeal should have entertained plaintiff's motion for a new trial where on appeal this Court had held that the evidence was insufficient to support the jury's verdict. Lolley's reliance on that case is misplaced, and his contention is without merit.
In accordance with the foregoing reasons, we vacate the judgment herein pertaining to attorney's fees and instruct the trial court to conduct an evidentiary hearing for the determination of a reasonable attorney's fee, in light of the guidelines set forth in Peebles v. Miley, supra, and to set forth with some particularity the findings from the evidence adduced.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.