PITTMAN, Judge.
This is an appeal taken after the dismissal of a previous appeal, but before the issuance of a certificate of judgment by this court, from estate proceedings before the Mobile Probate Court. The pertinent procedural background was set forth in our previous opinion:
“In January 1996, Kathleen Elizabeth Reneke died intestate from injuries received in a motor-vehicle collision that occurred in 1990; her parents were her sole heirs at law. In February 1996, Kathleen’s mother, Agnes Markie Re-neke (‘the administratrix’), was appointed the personal representative of Kathleen’s estate, whose principal asset was the remnants of a multi-million-dollar settlement obtained by the estate from a number of alleged tortfeasors purportedly responsible for the motor-vehicle collision that ultimately caused Kathleen’s death. Cf. Reneke v. Mobile Health Plan, 668 So.2d 505 (Ala.1995) (reversing judgment in favor of medical insurers under which they were to be paid $263,607 from $2,100,000 settlement proceeds).
“In 1999, certain disputes arose between the administratrix and Kathleen’s father, Edward Reneke (‘the father’), regarding what disbursements should be made from the estate. In a transcribed proceeding in March 1999, the father’s attorney recited a stipulation that had been entered into between counsel for the parties under which it was agreed that the administratrix had received payments of $205,000 from the estate and that the father or his designees had received payments of $185,000 from the estate. It was apparently understood by all parties that the total distributions from the estate to both parties to that point should have been equal and that $20,000 was therefore owed to the father; the administratrix agreed to pay the father $20,000, with $10,000 of that amount to be paid within 30 days after the March 23, 1999, hearing date. The probate court accepted the parties’ stipulation, stating on the record in open court that of the $20,000 to be paid, the administratrix was to ‘pay over to [the father]’ $10,000 ‘and that’s to be reported to the Court on the status report back in 30 days.’ The record reflects that the administratrix paid the father $10,000 by issuing two checks from her personal account, but that she did not pay the father any other amounts with respect to that stipulation and order.
“In February 2001, the administratrix filed a petition for partial settlement of the estate, alleging a previous balance of $27,952.18, disbursements of $16,638, and a balance on hand of $11,314.18. The administratrix then moved to amend her petition, seeking to convert it to a final-settlement petition, and moved that the estate be declared fully administered and closed. The father filed an objection to the settlement petition, ar *581 guing, among other things, that a number of items for which the administratrix claimed to be entitled to reimbursement were improper and not for legitimate expenses of the estate. After a hearing, the probate court entered a judgment on December 21, 2001, providing, in pertinent part, that, the administratrix was to reimburse the estate for expenses disallowed in the amount of $8,700.74; that' the administratrix and the estate were each to be responsible for one-half of the outstanding court costs; that the estate was responsible for paying attorney fees and expenses of counsel for the father and the estate; and that the remaining funds in the estate should thereafter be divided equally between the administra-trix and the father.
“On January 17, 2002, the administra-trix filed a motion to alter or amend the December 2001 judgment, averring, in pertinent part, that the disallowed expenses were primarily surety-bond payments that should have been payable out of estate funds. The probate court then entered an order on February 14, 2002, amending certain aspects of its judgment; in pertinent part, the court specifically found that the $8,700.74 sum that it had directed the administratrix to repay the estate represented expenses ‘with respect to hauling, housing and storage of tangible items claimed by the Administratrix as her personal property, separate and apart from that which belonged to the Estate.’ As amended, the probate court’s final judgment directed the administratrix to pay the estate $8,700.74; directed that the estate and the administratrix each be responsible for paying one-half of the outstanding court costs (which amounted to $1,082); authorized the payment of a commission from the estate to the administratrix in the amount of $2,000; directed the estate to pay $8,500 to counsel for the estate and $5,000 to the father’s counsel; and directed that the remaining funds in the estate be divided equally between the administratrix and the ■ father, as Kathleen’s surviving heirs.
“On April 18, 2002, the administratrix filed a motion for relief from the probate court’s final-settlement judgment. See Rule 60(b), Ala. R. Civ. P. In that motion, the administratrix contended that a January 2001 order entered pursuant to an agreement of the parties had directed a disbursement of $69,000 to the father and a disbursement of $40,000 to the 'administratrix and that that order had, in effect, already accounted for the $8,700.74 withdrawn from the estate for personal expenses of the administratrix. The father filed an objection to, and a motion to strike, the motion for relief; he later filed an amended objection and motion to strike in which he contended that the administratrix had yet to pay him $10,000 that, he claimed, remained due pursuant to the March 1999 agreed order. On August 14, 2002, the probate court denied the motion for relief from the judgment that had been filed by the administratrix; in doing so, that court stated that it had been ‘unsuccessful in scheduling a meeting with counsel . concerning the pending matters.’
“Rather than appealing from the denial of her Rule 60(b) motion for relief from the judgment, the administratrix, on August 30, 2002, filed a second Rule 60(b) motion for relief asserting the same substantive grounds as in her first motion. The father filed a motion to strike the second motion for relief, averring that the motion was repetitive and procedurally improper, and requesting that the administratrix be directed to ‘fully comply with the orders of th[e] court in paying to the Estate and the [father] monies due by her to them re- *582 spe'ctively.’ The administratrix then amended her second Rule 60(b) motion to aver that she was entitled to a credit for the $10,000 that she had paid to the father pursuant to the March 1999 order directing her to pay $20,000 to the father; according to the amended motion, the administratrix had paid that $10,000 out of her own funds.. After a hearing, the probate court entered an order on November 22, 2002, granting the father’s motion to strike the second Rule 60(b) motion; however, in granting the father’s motion to strike, the probate court also concluded that the administra-trix owed $10,000 to the father because she had paid only $10,000 of the $20,000 ordered to be paid under the March 1999 order. No appeal was taken from the November 22, 2002, order.
“On January 7, 2003, the probate court entered an order sua sponte, stating that the administratrix owed the father $10,000 pursuant to its March 1999 and November 2002 orders and stating . that the administratrix owed the father (instead of the estate) $8,700.74 pursuant to its judgment, as amended, on the final-settlement petition; that sua sponte order also stated that a check from the estate to the father in the amount of $6,834.08 could be negotiated by the father and that those funds would offset any moneys the administratrix owed to the father. On January 13, 2002, the administratrix filed a motion to alter, amend, or vacate the January 7, 2003, sua'sponte order, pointing out that the estate, not the father, had been the designated payee of the $8,700.74 amount specified in the probate court’s judgment on- the final-settlement petition. After a hearing, the probate court entered an order on April 2, 2003, reaffirming its earlier judgment and order with respect to the $10,000 payment owed to the father and directing the administratrix to distribute to the father ‘the monies due him from the balance in the estate account’ (which the probate court calculated to be $5,664.55); that order did not, however, refer to the $8,700.74 that the administratrix had been ordered'to pay. The administra-trix appealed to the Alabama Supreme Court on April 29, 2003, but her appeal was transferred to this court because this court has exclusive appellate jurisdiction, pursuant to § 12-3-10, Ala.Code 1975, of appeals where the amount in controversy is $50,000 or less (exclusive of interest and costs).”
Reneke v. Reneke, 897 So.2d 1101, 1102-04 (Ala.Civ.App.2003) (“Reneke I”).
In Reneke I, this court dismissed the appeal; in doing so, we considered separately the reviewability of the two claims of error that Agnes Markie Reneke (“the administratrix”) raised. We addressed the first claim of error asserted by the admin-istratrix as follows:
“[The administratrix] first asserts that she should not have been required by the probate court to pay $10,000 to the father out of her personal funds. That contention, in effect, challenges the probate court’s March 1999 order, which merged into its final-settlement judgment of December 2001 (as amended in February 2002). At the very latest, the liability of the administratrix for the $10,000 that she did not pay to the father after the March 1999 order was affixed by the probate court in its November 22, 2002, order striking her second Rule 60(b) motion for relief from the underlying judgment on her petition for a final settlement.
“If the order being challenged on appeal by the administratrix is properly deemed to be the probate court’s order of March 1999, then the administratrix did hot direct the probate court’s atten *583 tion to that order- once it merged into the final-settlement judgment and thereby became final, and she did not appeal from the judgment on final settlement. In contrast, if the order being challenged on appeal is properly deemed to be that portion of the probate court’s November 22, 2002, order in which the probate court stated that the adminis-tratrix owed the'father $10,000, then the administratrix did not seek post-judgment or appellate review of that order. Rather, by appealing from the probate court’s sua sponte order of January 2003 and its subsequent order on her ‘motion to alter, amend, and/or vacate’ the sua sponte order, the adminis-tratrix has sought to avoid the effect of the March 1999 order declaring her total $20,000 liability to the father, the final-settlement judgment into which that order merged, and that portion of the November 2002 order redeclaring and enforcing that liability as to $10,000 not previously paid by the administratrix to the father.
“The belated invocation of appellate review by the administratrix amounts to a collateral attack on the final-settlement judgment, whereby the adminis-tratrix is ‘ “attempting] to avoid the binding force of a judgment in a proceeding not instituted in an attempt to amend, correct, reform, vacate or enjoin its execution.”’ Randolph County v. Thompson, 502 So.2d 357, 361 (Ala.1987) (quoting Williams v. First National Bank of Mobile, 384 So.2d 89, 93 (Ala. 1980)). ‘A judgment which is regular on its face and indicates subject matter and personal jurisdiction is conclusive on collateral attack.’ Randolph County, 502 So.2d at 362; see also Moorer v. Moorer, 487 So.2d 947, 947-48 (Ala.Civ.App.1986) (affirming denial of petition for modification of divorce judgment where petitioner alleged that periodic-alimony awards in original divorce judgment were actually child support and where petitioner did not appeal from original divorce judgment); Patterson v. Patterson, 518 So.2d 739, 742 (Ala.Civ.App.1987) (holding that reconsideration of correctness of property division was barred on appeal from judgment enforcing that division). An appeal should have been taken from the final-settlement judgment and from the order denying the second Rule 60(b) motion of the administratrix, if there was error in entering them, and the present appeal cannot substitute for an appeal from either of those two earlier judgments. See State ex rel. Head v. Head, 506 So.2d 1010, 1012 (Ala.Civ. App.1987). We conclude that appellate review of whether the probate court correctly directed the administratrix to pay $10,000 to.the father is now foreclosed because of the failure of the administra-trix to timely appeal from the final-settlement judgment (as amended) or the November 2002 order.”
897 So.2d at 1104-05 (footnotes omitted). This court also held that the January 7, 2003, sua sponte order altering the recipient of the $8,700.74 was void. Id. at 1106.
The administratrix filed a timely application for rehearing, which caused this court, pursuant to Rule 41(a), Ala. RApp. P., 'to stay the issuance of its certificate of judgment as to the dismissal of the administra-trix’s appeal in Reneke I. After this court denied the administratrix’s application for rehearing on November 21, 2003) she timely sought certiorari review in the Alabama Supreme Court on December 5, 2003; under Rule 41(b), Ala. RApp. P., the filing of that certiorari petition also “stay[ed] the issuance of the certificate of judgment ... until the final disposition” of the certiorari petition. The Supreme Court, on March 30, 2004, issued an order dismissing the administratrix’s certiorari petition, appar *584 ently on the request of the administratrix herself; however, no copy of the Supreme Court’s order was filed in this court, and this court did not issue its certificate of judgment[1] at that time — rather, that certificate was not issued until March 15, 2005.
Despite the absence of a certificate of judgment from this court, the probate court directed the administratrix to file a final report “showing compliance with the provisions” of its December 21, 2001, and February 14, 2002, orders. The adminis-tratrix then filed a response to that direction, and the parties again contested whether the administratrix was personally responsible for paying Edward Reneke $10,000. On November 9, 2004, the probate court purported to enter an order containing findings of fact and conclusions of law concerning the administratrix’s obligations, specifically directing the adminis-tratrix to immediately and fully comply with its orders entered on March 23, 1999, December 21, 2001, and February 14, 2002, each of which pertained to the $10,000 payment yet to be made by the adminis-tratrix.
The administratrix has appealed from the probate court’s November 9, 2004, order. We are unable to review that order because it is void. On November 9, 2004, the probate court was without jurisdiction to adjudicate the merits of the parties’ positions because this court had not yet issued its certificate of judgment as to the first appeal terminating our jurisdiction in the case. See Portis v. Alabama State Tenure Comm’n, 863 So.2d 1125, 1126 (Ala.Civ.App.2003). We sincerely regret any inconvenience to the parties and to the probate court resulting from the delay in the issuance of our certificate of judgment; nevertheless, we cannot reach the merits of the parties’ arguments in this appeal.
The appeal is dismissed. The probate court is instructed to vacate its November 9, 2004, order, upon the issuance of our certificate of judgment in this appeal; however, that instruction should not be interpreted as an expression of the court’s opinion regarding the substantive correctness of the findings of fact and conclusions of law contained in that order.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE PROBATE COURT.
CRAWLEY, P.J„ and THOMPSON, MURDOCK, and BRYAN, JJ., concur.

. Rule 41(b), Ala. R.App. P., states that an appellate court's certificate of judgment "shall issue immediately” upon the filing of a copy of an order of the Supreme Court denying certiorari review.