Bettye Jan Belcher Queen, Beverly Jean Scroggins, and Otha A. Belcher ("the petitioning children"), children of Olon Belcher ("the father"), petition this Court for a writ of mandamus directing the Bibb Circuit Court to vacate its September 27, 2005, order denying their motion for an entry of findings and judgment following a remand *Page 621 
from this Court and to require that, in determining the mental capacity of the father on remand, the trial court consider only the record in this case existing when the petitioning children appealed. We grant the petition.
The petitioning children challenge the actions of their brother Brent Belcher ("Brent") with respect to his dealings with the father when the father was alleged to lack capacity to manage his affairs. After an evidentiary hearing that resulted in a ruling favorable to Brent, the petitioning children appealed. In Queen v. Belcher, 888 So.2d 472, 476-78
(Ala. 2003),[1] we held that the trial court had applied an incorrect standard for determining whether the father had mental capacity to execute certain documents, and we reversed the trial court's judgment and remanded the case. After the case was remanded and on Brent's motion, the trial court ordered an evidentiary hearing to receive additional evidence as to the father's mental capacity. The petitioning children filed a motion with the trial court stating that the hearing was inappropriate because the father's "competence had already been tried to a conclusion." The trial court denied the motion, and the petitioning children filed this petition for the writ of mandamus.
The sole issue before this Court is whether the trial court erred in ordering an evidentiary hearing on remand to determine the father's mental capacity when an evidentiary hearing had already taken place as to that issue. This Court has consistently held:
 "`The writ of mandamus is a drastic and extraordinary writ, to be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993); see also Ex parte Ziglar, 669 So.2d 133, 134
(Ala. 1995).' Ex parte Carter, [807 So.2d 534,] 536 [(Ala. 2001)]."
Ex parte McWilliams, 812 So.2d 318, 321 (Ala. 2001). A petition for a writ of mandamus is the proper method by which to bring before an appellate court the question whether the trial court, on remand, has complied with the appellate court's mandate. Ex parte Edwards, 727 So.2d 792, 794
(Ala. 1998).
In Ex parte Edwards, this Court held that when an appellate court remands a case, the trial court does not have the discretion to conduct a new trial or an evidentiary hearing.727 So.2d at 794-95. Instead, after a case is remanded, the trial court may enter "`"[n]o judgment other than that directed or permitted by the reviewing court. . . . The appellate court's decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence."'"Id., at 794 (quoting Ex parte Alabama PowerCo., 431 So.2d 151 (Ala. 1983), quoting in turn 5 Am.Jur.2dAppeal Error § 991 (1962)).
This Court held in Ex parte Alabama Power Co., supra, that when an appellate court's mandate does not include language expressly mandating a new trial, the trial court must enter a judgment on the evidence before it. This Court stated: "This court held, on first deliverance, that Alabama Power was entitled to a directed verdict because there was an insufficiency *Page 622 
of evidence regarding control. Because we did not expresslygrant a new trial, our prior decision terminated this litigation." 431 So.2d at 155 (citing Sears, Roebuck Co. v. Haven Hills Farm, Inc., 395 So.2d 991 (Ala. 1981)) (emphasis added). The Court then stated the rule of law regarding a trial court's authority to order a new trial on remand:
 "`"Where . . . the cause is remanded with directions as to the judgment to be entered, such judgment should be entered without a new trial." 13 Ency. Plead. Pract. p. 854. "Where a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. . . . Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but obey, otherwise, litigation would never be ended." 2 R.C.L. p. 289.'"
431 So.2d at 155 (quoting Kinney v. White,215 Ala. 247, 248-49, 110 So. 394, 394 (1926)) (emphasis added). In other words, a trial court does not have the authority to reopen for additional testimony a case that has been remanded to it, except where expressly directed to do so.
In Ex parte Whisenant, 898 So.2d 761, 763
(Ala.Civ.App. 2004), the Court of Civil Appeals condemned what it described as a "a second bite at the apple," holding:
 "The status conference [after remand], which, in substance, granted a reopening and retrial of the case, was not authorized.
 "`The reversal was not one with mere general directions for a new trial, sometimes referred to as an "unqualified reversal" (2 R.C.L. 290), but one with specific directions, in accordance with the opinion.'"
See also City of Gadsden v. Johnson, 891 So.2d 903,906 (Ala.Civ.App. 2004) ("[I]t is clear that the trial court, on remand, was to determine, from the evidence already before it, the degree of any disability Johnson suffered as a result of the February 1993 on-the-job accident. . . . Instead, the trial court took new evidence on the issue already decided by this court, and that evidence was intermingled with evidence pertaining to another injury. The trial court was not free to conduct a new trial. . . ." (citing Auerbach v.Parker, 558 So.2d 900 (Ala. 1989); Murphree v.Murphree, 600 So.2d 301 (Ala.Civ.App. 1992); and Exparte Dodson, 459 So.2d 884 (Ala.Civ.App. 1984))). See alsoCourtright v. Courtright, 820 So.2d 823, 823
(Ala.Civ.App. 2001) ("Because the trial court considered new evidence in fashioning its December 6, 2000, judgment on remand, we must reverse. The case is remanded for the trial court to fashion an equitable property division and alimony award based upon theevidence that was before the court at the time of its originaldivorce judgment. All other matters raised by the parties at theNovember 20, 2000, hearing fall outside the scope of thiscourt's remand order") (emphasis added); and Ex parteJones, 774 So.2d 607, 608 (Ala.Civ.App. 2000) (noting that, in the court's remand order, "[w]e did not instruct the trial court to hold another hearing or indicate that the employer should be allowed to offer additional testimony").
The issue of the father's mental capacity was the primary issue at the hearing previously held in the trial court. Nowhere did the trial court limit the evidence at trial to the father's "general competency," as Brent suggests. Instead, the court admitted evidence on the issue whether the *Page 623 
father had the mental capacity to execute a power of attorney and to enter into partnership and trust agreements, and that issue was tried to conclusion at trial. Our order of remand inQueen v. Belcher stated: "[W]e reverse the order of the trial court and remand this case for reconsideration consistent with this opinion to determine whether [the father] was competent to execute the power of attorney and to enter into the partnership agreement and the trust agreement."888 So.2d at 478. Our mandate did not direct the trial court to hold a new trial or another hearing; instead we directed the trial court to reconsider its previous finding based on the evidence of record and in light of the appropriate standard for determining mental capacity as set out in our opinion. The parties have already had a full opportunity to offer evidence on the issue of the father's competence, and, on remand, the trial court was obliged to apply the law as stated in Queen v. Belcher to the evidence already of record.
Brent contends that when a trial court has applied the wrong legal standard to the evidence and the case is remanded, a new trial is required on remand; he relies on Lolley v.Citizens Bank, 494 So.2d 19 (Ala. 1986), for that argument. In Lolley, the trial court awarded an attorney fee without considering the criteria for determining whether an attorney fee was reasonable, as this Court had recently set forth in Peebles v. Miley, 439 So.2d 137 (Ala. 1983). Lolley opposed an evidentiary hearing on remand, contending that the rule in Ex parte Alabama Power, i.e., that a new trial was not permissible after a reversal for insufficiency of the evidence, applied to bar a new hearing on the reasonableness of the attorney fee. This Court rejected Lolley's argument, describing his reliance on Alabama Power as "misplaced," and ordered an evidentiary hearing "in light of the guidelines set forth in Peebles v. Miley, supra, and to set forth with some particularity the findings from the evidence adduced." 494 So.2d at 21.
Brent's reliance on Lolley is likewise misplaced; we have no recently announced legal standard that requires further testimony tailored to assure a meaningful basis for the trial court's finding. In this Court's opinion in Queen v.Belcher, we applied settled principles of law to the facts adduced at an evidentiary hearing, and we reversed the judgment of the trial court and "remand[ed] this case for reconsideration consistent with this opinion to determine whether [the father] was competent to execute the power of attorney and to enter into the partnership agreement and the trust agreement."888 So.2d at 478. Reopening the record to take additional evidence was neither necessary nor expressly prescribed in our order of remand.
For the reasons previously stated, we grant the petition for the writ of mandamus and direct the trial court to vacate its order denying the petitioning children's motion for an entry of findings and judgment, in accordance with the legal standard set forth in our opinion on the prior appeal, based on the existing record in this case.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, STUART, and BOLIN, JJ., concur.
WOODALL and PARKER, JJ., dissent.
[1] The facts before the trial court, which are not relevant to this mandamus petition, are set forth in Queen v.Belcher, 888 So.2d at 476-78. *Page 624