BRYAN, Judge.
The Mobile County Board of School Commissioners (“the Board”) terminated the employment of Barry Long, a nonpro-bationary employee under the Fair Dismissal Act, § 36-26-100 et seq., Ala.Code 1975 (“the FDA”). Pursuant to provisions in the FDA, Long contested his dismissal, and a hearing officer was selected to conduct a de novo hearing. See Ala.Code 1975, §§ 36-26-103(b) and -104(a). Following the hearing, the hearing officer issued a decision determining that the Board, in dismissing Long, had failed to comply with its reduction-in-force policy (“the RIF policy”) and its reduction-in-force protocol (“the RIF protocol”). Accordingly, the hearing officer overturned the Board’s dismissal of Long. The Board appealed the hearing officer’s decision to this court, and this court reversed the decision and remanded the case to the hearing officer “for further proceedings consistent with” our opinion. Mobile County Bd. of School Comm’rs v. Long, 46 So.3d 6, 14 (Ala.Civ.App.2010) (“Long”).
On remand to the hearing officer, the Board and Long disagreed as to whether the hearing officer may hold another evidentiary hearing to determine whether the Board erred in dismissing Long. The hearing officer determined that this court, by remanding the case “for further proceedings,” intended for there to be an evidentiary hearing on remand. The Board then petitioned this court for a writ of mandamus directing the hearing officer to issue a decision in the Board’s favor without holding an evidentiary hearing. We grant the petition and issue the writ.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).
The issue in this case is whether the hearing officer may hold an evidentia-ry hearing on remand following this court’s decision in Long. Initially, we address Long’s argument that the FDA requires this court, in reviewing a hearing officer’s decision on appeal, either to affirm the decision or to remand the case for another evidentiary hearing. Section 36-26-104(b), Ala.Code 1975, provides, in pertinent part: “The decision of the hearing officer shall be affirmed on appeal unless *294 the Court of Civil Appeals finds the decision arbitrary and capricious, in which case the court may order that the parties conduct another hearing consistent with the procedures of [the FDA].” (Emphasis added.) Ordinarily, the use of the word “may” indicates a discretionary or permissive act, rather than a mandatory act. American Bankers Life Assurance Co. v. Rice Acceptance Co., 739 So.2d 1082, 1084 (Ala.1999). See also Bowdoin Square, L.L.C. v. Winn-Dixie Montgomery, Inc., 873 So.2d 1091, 1098-99 (Ala.2003) (stating that our supreme court has long recognized that the word “may” denotes a permissive alternative rather than a mandatory restriction). The plain language of § 36-26-104(b) indicates that this court has the discretion to remand a case to a hearing officer to conduct another evidentiary hearing if this court finds that hearing officer’s decision to be arbitrary and capricious. Contrary to Long’s assertion, § 36-26-104(b) does not require this court to remand the case for another evidentiary hearing if we find that a hearing officer’s decision is arbitrary and capricious.
In Ex parte Queen, 959 So.2d 620 (Ala.2006), our supreme court addressed the circumstances under which a trial court may conduct a new trial or an evidentiary hearing on remand. Although Ex parte Queen involved a remand to a circuit court and not to a hearing officer, the principles discussed in that case are applicable to this case. Our supreme court stated:
“In Ex parte Edwards, [727 So.2d 792, 794-95 (Ala.1998) ], this Court held that when an appellate court remands a case, the trial court does not have the discretion to conduct a new trial or an eviden-tiary hearing.... Instead, after a case is remanded, the trial court may enter ‘ “ ‘[n]o judgment other than that directed or permitted by the reviewing court.... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence.’ ” ’ Id. at 794 (quoting Ex parte Alabama Power Co., 431 So.2d 151 (Ala.1983), quoting in turn 5 Am.Jur.2d Appeal & Error § 991 (1962)).
“.... [I]n Ex parte Alabama Power Co., [431 So.2d 151, 155 (Ala.1983) ], ... [t]he [Alabama Supreme] Court ... stated the rule of law regarding a trial court’s authority to order a new trial on remand:
“ ‘ “ ‘Where ... the cause is remanded with directions as to the judgment to be entered, such judgment should be entered without a new trial.’ 13 Ency. Plead. & Pract. p. 854. ‘Where a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior.... Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merit is determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but obey, othenuise, litigation would never be ended.’ 2 R.C.L. p. 289.” ’
“431 So.2d at 155 (quoting Kinney v. White, 215 Ala. 247, 248-49, 110 So. 394, 394 (1926)) ([first] emphasis added). In other words, a trial court does not have the authority to reopen for additional testimony a case that has been remanded to it, except where expressly directed to do so.”
959 So.2d at 621-22 (second emphasis added).
*295 We now address whether this court actually ordered the hearing officer to conduct an evidentiary hearing when we remanded the case in Long. In Long, we stated, in pertinent part:
“The hearing officer determined that the Board failed to comply with the RIF policy and the RIF protocol by dismissing Long[, who was employed as a nonprobationary ‘programmer,’] while retaining Patrick Byrne, who was employed as a probationary ‘programmer/analyst’ .... Pursuant to the RIF policy and the RIF protocol, whether the hearing officer’s determination is correct depends on whether Long is qualified to hold Byrne’s position of programmer/analyst. ...
[[Image here]]
“... Long failed to rebut the Board’s evidence indicating that he is not qualified to hold the position of programmer/analyst. Long did not present evidence establishing that he meets each qualification to perform Byrne’s job. Therefore, we must conclude that the record does not support the hearing officer’s finding that Long is qualified to be a programmer/analyst. Accordingly, contrary to the hearing officer’s determination, the Board, acting pursuant to the RIF policy and the RIF protocol, was not obligated to retain Long, a non-probationary programmer, in place of Byrne, a probationary programmer/analyst.
[[Image here]]
“... [Contrary to the hearing officer’s determination, the record indicates that the Board complied with the RIF policy and the RIF protocol in dismissing Long. Therefore, we reverse the decision of the hearing officer overturning the Board’s dismissal of Long, and we remand the case to the hearing officer for further proceedings consistent with this opinion.”
46 So.3d at 12-14 (footnotes omitted).
In reversing the hearing officer’s decision in Long, this court did not expressly direct the hearing officer to conduct an evidentiary hearing on remand. Instead, we determined that “the record indicates that the Board complied with the RIF policy and RIF protocol in dismissing Long,” and we “remand[ed] the case to the hearing officer for further proceedings consistent with” our opinion. 46 So.3d at 14. By using the term “further proceedings,” this court directed, albeit somewhat imprecisely, the hearing officer to issue a decision in favor of the Board. See, e.g., Ex parte Edwards, 727 So.2d 792, 794-95 (Ala.1998) (stating that this court’s remanding a particular case for “‘further proceedings consistent with’ ” its opinion contemplated the entry of a judgment without holding a new trial or an evidentia-ry hearing and that such remand language was commonly used by appellate courts); and Murphree v. Murphree, 600 So.2d 301, 303 (Ala.Civ.App.1992) (stating that, “given the facts and the language of the opinion, ‘further proceedings’ meant a reduction in the amount of child support awarded”). Accordingly, we grant the petition for a writ of mandamus, issue the writ, and direct the hearing officer to issue a decision in favor of the Board upholding Long’s dismissal.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.