BRYAN, Judge.
 

 This is the third time these parties have been before this court.
 
 See Mobile County Bd. of Sch. Comm’rs v. Long,
 
 46 So.3d 6 (Ala.Civ.App.2010)
 
 (“Long
 
 I”); and
 
 Ex parte Mobile County Bd. ofSch. Comm’rs,
 
 61 So.3d 292 (Ala.Civ.App.2010)
 
 (“Long II
 
 ”). We briefly recite the pertinent procedural history. The Mobile County Board of School Commissioners (“the Board”) voted to terminate the employment of Barry Long, a nonprobationary employee under the Fair Dismissal Act, § 36-26-100 et seq., Ala.Code 1975 (“the FDA”). Long contested the Board’s action, and a hearing officer was selected to conduct a
 
 de novo
 
 hearing.
 
 See
 
 Ala.Code 1975, §§ 36-26-103(b) and -104(a). Because Long contested the Board’s decision to dismiss him, his dismissal could not be effected until the hearing officer issued a decision.
 
 See
 
 § 36-26-103(b) (“No termination shall be effected ..., if notice of contest is filed, ... until the hearing officer has issued an opinion.”). Following a hearing, the hearing officer issued a decision on May 15, 2009, overturning the Board’s decision to dismiss Long. The Board appealed the hearing officer’s decision to this court, and this court, on March 12, 2010, reversed the decision and remanded the case to the hearing officer.
 
 Long I.
 
 Long did not petition our supreme court for a writ of certiorari in
 
 Long I,
 
 and this court issued a certificate of judgment in
 
 Long I
 
 on March 31, 2010.
 

 On remand to the hearing officer following
 
 Long I,
 
 the Board and Long disagreed as to whether the hearing officer may hold another evidentiary hearing. The hearing officer determined that this court in
 
 Long I
 
 had intended for there to be an eviden-tiary hearing on remand. Consequently, the Board petitioned this court for a writ of mandamus directing the hearing officer to issue a decision in the Board’s favor without holding an evidentiary hearing.
 
 Long II,
 
 61 So.3d at 293. In
 
 Long II,
 
 this court clarified that, in
 
 Long I,
 
 we had directed the hearing officer to issue a decision in favor of the Board without holding an evidentiary hearing. 61 So.3d at 295. Accordingly, on August 13, 2010, we granted the petition and issued the writ directing the hearing officer to issue a decision in favor of the Board upholding Long’s dismissal.
 
 Id.
 
 On August 20, 2010, the Board terminated Long’s employment. Long then petitioned the supreme court for a writ of certiorari in
 
 Long II.
 
 On September 21, 2010, Long filed a motion with the hearing officer, seeking an order directing the Board “to reinstate his pay retroactive to August 20, 2010[, the date of Long’s dismissal,] when his pay was cut off.” On October 8, 2010, the supreme court denied Long’s petition for a writ of certiorari in
 
 Long II,
 
 and this court issued a certificate of judgment in
 
 Long II
 
 on that same date.
 

 On November 16, 2010, the hearing officer issued an order affirming Long’s dismissal. In that order the hearing officer also determined that “Long’s employment was wrongfully and prematurely discontinued on August 20, 2010.”
 
 *1285
 
 Therefore, the hearing officer determined that Long is entitled to be paid by the Board for the period between August 20, 2010, and October 8, 2010, the date this court issued its certificate of judgment in
 
 Long II.
 
 The Board filed a petition for a writ of mandamus with this court to vacate the hearing officer’s order of November 16, 2010, contending that the hearing officer erred in determining that Long is entitled to be paid by the Board for the period between August 20, 2010, and October 8, 2010. We grant the petition and issue the writ.
 

 “A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal.
 
 Ex parte Drill Parts & Serv. Co.,
 
 590 So.2d 252 (Ala.1991).”
 

 Ex parte Empire Fire & Marine Ins. Co.,
 
 720 So.2d 893, 894 (Ala.1998).
 

 The hearing officer lacked the authority under the FDA to award Long pay for the period between August 20, 2010, and October 8, 2010. Section 36-26-103(b), Ala.Code 1975, provides:
 

 “The employing board[, such as the Board,] may suspend the employee with pay if the action is taken [by the employing board to dismiss the employee]. However, no pay shall be provided in cases involving moral turpitude. If the board’s action is overturned on appeal, pay shall be reinstated. No termination shall be effected until the time for filing notice of contest has expired and, if notice of contest is filed, not until the hearing officer has issued an opinion.”
 

 Thus, by its plain language, § 36-26-103(b) entitled Long to receive payment until the hearing officer “issued an opinion.” The hearing officer issued a decision overturning the Board’s decision to dismiss Long on May 15, 2009, and that decision was reversed by this court in
 
 Long I.
 
 Long did not seek certiorari review challenging
 
 Long I
 
 in the supreme court, and this court issued a certificate of judgment in
 
 Long I
 
 on March 31, 2010. Neither § 36-26-103(b) nor any other provision of the FDA authorizes the hearing officer to award Long pay for a period well after this court had finally determined in
 
 Long I
 
 that the Board was justified in dismissing Long. As
 
 Long II
 
 made clear, the hearing officer’s only remaining task following
 
 Long I
 
 was to enter a decision in favor of the Board.
 

 Long contends that Rule 41(b), Ala. RApp. P., supports the hearing officer’s order awarding him pay for the period between August 20, 2010, the date the Board dismissed him, and October 8, 2010, the date this court issued a certificate of judgment in
 
 Long II.
 
 Rule 41(b) provides, in pertinent part: “The timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court.” Long argues that he was entitled to receive pay until the supreme court denied certiorari review and this court issued a certificate of judgment in
 
 Long II
 
 on October 8, 2010. In light of our discussion regarding the hearing officer’s lack of authority to award
 
 *1286
 
 Long payment, the date this court issued a certificate of judgment in
 
 Long II
 
 is irrelevant. Thus, Rule 41 has no bearing on this ease.
 

 Long also cites
 
 Reneke v. Reneke,
 
 920 So.2d 579 (Ala.Civ.App.2005), in support of his position. In
 
 Reneke,
 
 following an initial appeal to this court, this court dismissed a second appeal from a probate court’s order because that order had been entered before this court had issued a certificate of judgment with respect to the first appeal.
 
 Reneke
 
 has no application to the issue whether the hearing officer in this case exceeded his authority in awarding Long pay.
 

 Accordingly, we grant the petition for a writ of mandamus and issue the writ directing the hearing officer to vacate its order of November 16, 2010, and to issue a decision in favor of the Board upholding Long’s dismissal.
 

 PETITION GRANTED; WRIT ISSUED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.