PITTMAN, Judge.
This mandamus petition challenges an order entered by the Randolph Circuit Court, entered on remand from this court’s decision in Young v. Ledford, 37 So.3d 832 (Ala.Civ.App.2009), setting a second trial in the case. Much of the factual and legal background necessary to an understanding of the mandamus petition was summarized in this court’s opinion in the previous appeal:
“Kathy Ledford, who with her husband Roger owns a lot in Randolph County upon which a vacation house is located, filed an action in the trial court seeking a judgment declaring that she and her husband have the right to remove a pine tree that, according to a recent survey, lies on the boundary between Ledford’s lot and a lot owned by David Young and Debbie Young. Led-ford alleged that the tree, which is located slightly over 10 feet from Ledford’s house, ‘poses a danger and threat to’
*657 that house and that ‘[a] strong wind against the tree could cause it to fall on the home and could cause damage to the [house] as well as serious injury to any occupants.’ The Youngs admitted the location of the tree, but they averred that the tree was ‘a true boundary line tree’ and contended that it could not ‘be harmed or cut by’ landowners on either side of the boundary line. After a brief ore tenus proceeding, during which Led-ford, her husband, the Youngs, and a forester retained by the Youngs all gave testimony, the trial court entered a judgment declaring that Ledford and her husband could remove the tree at their convenience, taking steps to minimize damage to the Youngs’ lot. In pertinent part, the trial court opined:
“‘[Ledford] and her husband wish to cut the tree because they are afraid that the tree will fall on their home. If the tree falls on their home, since the tree is located so close to it, the home would likely be severely damaged. Further, and perhaps more importantly, if [Ledford and her husband] were asleep or even in their home and the tree fell on it, [they] or anyone located within the home could suffer serious injury or death.
“ ‘Under Alabama law, a land owner may remove any roots or limbs that protrude onto his property without consequence, even if the tree that the roots and limbs are attached to are located on another’s property. Further, a land owner has a right to remove any trees or other growth on his property up to the property line, and this right extends to the center of the earth and into the sky. Thus, without recourse or consequence, [Ledford] could cut into the tree to the property line and then cut from that point to the center of the earth and into the sky. Because 19 inches of the tree’s 28-inch diameter measurement is located on [Ledford’s] side of the property line, [Ledford], therefore, could completely remove more than one half of the tree up to her property line.
“ ‘Since [Ledford] unquestionably has the right to remove any portion of the tree that is located on her side of the property line and since doing so would likely kill the tree, the Court is of the opinion that [she] should be allowed to completely remove the tree to ensure that her property and the health and well being of anyone located in her home are protected.’ ”
37 So.3d at 832-33. We reversed that judgment, noting that, “[i]n the special case of a boundary-line tree, ... each adjacent landowner has ownership rights that cannot be trumped by the other’s desires in the manner suggested by the trial court’s judgment” and that Ledford, contrary to the trial court’s judgment, could not properly “ ‘cut into the tree to the property line and then cut from that point to the center of the earth and into the sky’ ” without incurring liability to the Youngs. Id. at 835. However, Presiding Judge Thompson noted in his special concurrence (joined by Judge Moore) that the action had been “pleaded, tried, and determined on the basis of Kathy Ledford’s contention that she was entitled to remove the boundary-line tree at issue merely because its trunk is located, in part, on her property” and that whether the “boundary-line tree at issue in this case constituted a nuisance for which an exception to the general rule set forth in the main opinion might apply” had not been litigated. Id. at 835-36 (Thompson, P.J., concurring specially, joined by Moore, J.). Further, Judge Bryan concurred in the result and *658 noted that had the record contained evidence indicating that the tree at issue “posed a danger to Kathy Ledford’s house,” he would have voted to affirm the judgment under review. Id. at 836 (Bryan, J., concurring in the result).
After this court’s certificate of judgment had been issued, Kathy Ledford filed a motion requesting that the trial court “set another hearing to consider all and additional evidence consistent with” this court’s opinion in the previous appeal. David Young and Debbie Young filed a response objecting to Ledford’s motion; they also moved for the entry of a judgment in their favor based upon this court’s opinion in the previous appeal. On March 16, 2011, the trial court set the cause for a trial to take place on May 12, 2011; however, on March 29, 2011, the Youngs timely filed a mandamus petition challenging the propriety of the trial court’s March 16, 2011, order (see generally Rule 21(a), Ala. R.App. P., concerning timeliness of petitions for extraordinary writs).
A writ of mandamus will issue “ ‘ “ ‘only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ” ’ ” Ex parte Queen, 959 So.2d 620, 621 (Ala.2006) (quoting Ex parte McWilliams, 812 So.2d 318, 321 (Ala.2001), quoting in turn Ex parte Carter, 807 So.2d 534, 536 (Ala.2001), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). Although the appeal from the trial court’s earlier judgment was not within this court’s appellate jurisdiction except by virtue of its having been transferred pursuant to Ala.Code 1975, § 12-2-7(6), we have jurisdiction to consider the Youngs’ petition. Ex parte Queen, 959 So.2d at 621 (noting that mandamus “is the proper method by which to bring before an appellate couit the question whether the trial court, on remand, has complied with the appellate courts mandate ” (emphasis added)).
The pertinent material question raised by the mandamus petition may succinctly be stated: Did the trial court act within its discretion in electing to hold a second trial in this matter? The Youngs contend that an appellate court’s decision is final as to all matters before it and that a trial court, after an initial appeal, may not hold another hearing and take additional testimony without leave of the pertinent appellate court. Although we have no quarrel with that general proposition of law, a careful review of our decision in the previous appeal in this case indicates that only the particular issue that had formed the basis of the trial court’s judgment was addressed, ie., whether Ledford could unilaterally remove the boundary-line tree simply because the majority of it was located on Ledford’s side of the common boundary of the parties’ properties. Based upon that conclusion, in the words of our former opinion, “we ... reverse[d] the trial court’s judgment permitting Led-ford and her husband to unilaterally remove the tree,” and remanded the cause “for further proceedings consistent with [that] opinion.” 37 So.3d at 835 (emphasis added). In particular, the special writings in the previous appeal make clear that neither this court nor the tidal court, because of the limited scope of the trial court’s previous judgment, has ruled upon the issues regarding whether the boundary-line tree poses a danger to Ledford’s home or amounts to a nuisance; further evidence adduced in a second trial as to those issues, among other issues not resolved by this court’s previous opinion, may well bear upon the ultimate factual *659 and legal determinations to be made in this case.
As Ledford correctly notes in her answer to the Youngs’ petition, the questions we addressed in the previous appeal in this case were unquestionably of first impression, and the existence of a “recently announced legal standard” that “requires further testimony tailored to assure a meaningful basis” for a trial court’s judgment on remand (Ex parte Queen, 959 So.2d at 623) will rightly warrant affording that court some measure of discretion in conducting “further proceedings” as mandated by this court. In our view, at this point in the case, issuance of a writ of mandamus to control the exercise of that discretion would be premature. See Fields v. State ex rel. Jones, 534 So.2d 615, 616 (Ala.Civ.App.1987) (“mandamus, although it will lie to compel an exercise of discretion, will not lie to compel the exercise of discretion in a particular manner absent an abuse of that discretion”). That said, we would be remiss in failing to point out that our decision in the previous appeal now constitutes the “law of the case” as to the issues addressed therein, see Erbe v. Eady, 447 So.2d 778, 779 (Ala.Civ.App.1984), and it remains for the trial court and the parties’ legal advocates to ensure that the new trial ordered by the trial court does not veer into areas of inquiry foreclosed by our previous decision.
The Youngs’ mandamus petition is denied.
PETITION DENIED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., dissents, with writing.