MOORE, Judge,
dissenting.
I respectfully dissent from the main opinion’s denial of the petition for a writ of mandamus filed by David Young and his wife, Debbie Young. In the complaint filed in the trial court, Kathy Ledford (“Ledford”) alleged facts that would support a claim of nuisance. See, e.g., Boyce v. Cassese, 941 So.2d 932, 946 (Ala.2006) (quoting Borland v. Sanders Lead Co., 369 So.2d 523, 529 (Ala.1979)) (holding that “ ‘the law of nuisance applies’ ” where there is an “ ‘intrusion ... to the interest in use and enjoyment of property’ ”). Specifically, Ledford alleged:
“The pine tree poses a danger and threat to [our] home. The tree is located slightly over 10 feet from [our] home. A strong wind against the tree could cause it to fall on the home and could cause damage to the home as well as serious injury to any occupants of the home.”
At the trial, there was evidence presented both in support of and in opposition to Ledford’s nuisance allegation. Specifically, Ledford testified regarding the danger that she asserted the tree posed to her property and to persons on her property. Ledford’s husband, Roger, testified regarding the proximity of the tree to their home, the size of the tree, previous damage to the tree, the present appearance of the tree, and the danger that he asserted the tree posed to their property and persons on their property. Debbie Young testified regarding previous damage to the tree, the steps she had taken to save the tree, and her observance of the health of the tree since that time. The Youngs also called Jim Morris, a registered forester, as an expert witness. Morris testified regarding the health of the tree, previous damage to the tree, the proximity of the tree to the Led-fords’ house, the likelihood that the tree would fall on the Ledfords’ house, and whether he would have a problem with the tree remaining on the property if he were in the position of the Ledfords. *660 There were also various photographs of the tree entered into evidence.
Because the issue whether the pine tree was a nuisance has already been pleaded, and because the trial court has already heard evidence on that issue, the trial court should decide that issue without conducting a second trial. See, e.g., Ex parte Queen, 959 So.2d 620, 622-23 (Ala.2006) (holding that the trial court had erred in taking additional evidence on remand and noting that the parties had “already had a full opportunity to offer evidence” regarding the issue to be decided on remand). Accordingly, I would grant the Youngs’ petition for a writ of mandamus and direct the trial court to enter a judgment based on the existing record.