SMITH, Justice.
 

 Kimberly R. Kiker, administratrix of the estate of Christopher A. Kiker, deceased, appeals from an order of the Mobile Probate Court insofar as the order awarded attorney fees and expenses. We remand this cause with directions.
 

 I. Facts and Procedural History
 

 Kiker’s husband, Christopher A. Kiker, died in December 2005. In October 2006, Kiker petitioned the probate court for letters of administration. The probate court granted the letters of administration, authorizing Kiker to administer Christopher’s estate subject to the following exception: “The said personal representative shall not enter into any settlement of any litigation or receive any asset from such litigation without approval of this Court and under such conditions as this Court may require.”
 

 In June 2007, Kiker filed a wrongful-death action against Christopher’s physician. Kiker was represented in the wrongful-death action by, among others, Michael S. McGlothren; Kiker and McGlo-thren entered into a fee agreement pursuant to which McGlothren would receive a contingency fee of 50% of the gross amount recovered, plus expenses. In February 2009, Kiker agreed to settle the wrongful-death action for $150,000; however, she did not obtain approval of the probate court before settling the wrongful-death action.
 

 In June 2009, Kiker petitioned the probate court for final settlement of Christopher’s estate. Kiker presented to the probate court a “submission regarding expenses and attorneys’ fee,” stating that, pursuant to the fee agreement in the wrongful-death action, her attorneys were entitled to a 50% contingency fee in the amount of $75,000, plus $36,087.75 in expenses, for a total award of $111,087.75 from the $150,000 settlement. Kiker attached several exhibits to the submission, including a “settlement distribution” detailing how the $75,000 attorney fee would be divided and listing all expenses that had been incurred by her attorneys in the wrongful-death action.
 

 After a hearing, the probate court entered an order on November 24, 2009, finding that “the wrongful death settlement ... is appropriate and in [the] best interest of the estate and the heirs at law” and providing for distribution of the settlement; however, the probate court’s order incorrectly stated that the amount of the
 
 *867
 
 settlement was $152,000 and awarded attorney fees and expenses in an amount less than the $111,087.75 provided for in the fee agreement. Kiker moved the probate court to amend the November 24, 2009, order “by stating the settlement amount as being $150,000 as opposed to the $152,000 figure that is mentioned.” On December 22, 2009, the probate court entered an order amending its prior order; the amended order awarded attorney fees and expenses in the amount of $93,044.60 and provided, in pertinent part:
 

 “4. Kimberly A. Kiker, as personal representative, is authorized to enter into said wrongful death settlement ... in the sum of $150,000.00.
 

 “5. Michael S. McGlothren, P.C. is authorized to distribute the proceeds of the settlement agreement, as follows:
 

 “A. Attorneys fees
 
 and expenses
 
 in the sum of $78,678.80 to Michael S. McGlothren, P.C.
 

 “B. Attorneys fees in the sum of $19,365.80 to the Robson Law Firm. “C. Kimberly Kiker, surviving spouse, the sum of $53,478.06.
 

 “D. Kimberly Kiker, as custodian for Christopher A. Kiker, II, minor son of Decedent, the sum of $1,739.03.
 

 “E. Kimberly Kiker, as custodian for Robert Matthew Kiker, minor son of Decedent, the sum of $1,739.03.”
 
 [1]
 

 (Emphasis added.)
 

 On December 23, 2009, Kiker petitioned this Court for a writ of mandamus directing the probate court to set aside its order and “reinstate” the attorney-fee agreement. On February 2, 2010, the clerk of this Court entered an order stating that Kiker’s petition for a writ of mandamus challenges an order that is appealable pursuant to Rule 4(a)(1), Ala. R.App. P., and that Kiker’s petition would be viewed as a timely notice of appeal.
 

 II. Standard of Review
 

 “The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and its determination on such an issue will not be disturbed on appeal unless in awarding the fee the trial court exceeded that discretion.
 
 State Bd. of Educ. v. Waldrop,
 
 840 So.2d 893, 896 (Ala.2002);
 
 City of Birmingham v. Horn,
 
 810 So.2d 667, 681-82 (Ala.2001);
 
 Ex parte Edwards,
 
 601 So.2d 82, 85 (Ala.1992), citing
 
 Varner v. Century Fin. Co.,
 
 738 F.2d 1143 (11th Cir.1984).
 

 “This Court has set forth 12 criteria a court might consider when determining the reasonableness of an attorney fee:
 

 “ ‘[T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.’
 

 “Van Schaack v. AmSouth Bank, N.A.,
 
 530 So.2d 740, 749 (Ala.1988). These criteria are for purposes of evaluating whether an attorney fee is reasonable;
 
 *868
 
 they are not an exhaustive list of specific criteria that must all be met.
 
 Beal Bank v. Schilleci,
 
 896 So.2d 395, 403 (Ala.2004), citing
 
 Graddick v. First Farmers & Merchants Nat’l Bank of Troy,
 
 453 So.2d 1305, 1311 (Ala.1984).
 

 “We defer to the trial court in an attorney-fee case because we recognize that the trial court, which has presided over the entire litigation, has a superior understanding of the factual questions that must be resolved in an attorney-fee determination.
 
 Horn,
 
 810 So.2d at 681-82, citing
 
 Hensley v. Eckerhart,
 
 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Nevertheless,
 
 a trial court’s order regarding an attorney fee must allow for meaningful appellate review by articulating the decisions made, the reasons supporting those decisions, and how it calculated the attorney fee. Horn,
 
 810 So.2d at 682, citing
 
 American Civil Liberties Union of Georgia v. Barnes,
 
 168 F.3d 423, 427 (11th Cir.1999);
 
 see also Hensley,
 
 461 U.S. at 437, 103 S.Ct. 1933.”
 

 Pharmacia Corp. v. McGowan,
 
 915 So.2d 549, 552-53 (Ala.2004) (emphasis added).
 

 III. Discussion
 

 On appeal, Kiker contends, among other things, that the probate court’s December 22, 2009, order is deficient with regard to its award of attorney fees because, Kiker says, the probate court “addresses none of the issues contained in
 
 Van Schaack v. AmSouth Bank, N.A.,
 
 530 So.2d 740 (Ala.1988),” Kiker’s brief, p. 23, and because the probate court “offers no explanation as to how it arrived at any of its opinions.” Kiker’s brief, p. 22. We agree.
 

 In this case, the probate court’s December 22, 2009, order awarding attorney fees and expenses in the amount of $73,678.80 to Michael S. McGlothren, P.C., and attorney fees in the amount of $19,365.80 to the Robson Law Firm provides no indication as to whether the probate court considered the criteria set forth for determining the reasonableness of an attorney fee as detailed in
 
 Pharmacia,
 
 915 So.2d at 552-53 (quoting
 
 Van Schaack v. AmSouth Bank, N.A.,
 
 530 So.2d 740, 749 (Ala.1988)). Additionally, the probate court’s order neither indicates how the probate court calculated the attorney fees nor provides a basis for ascertaining the exact amount of McGlothren’s award specifically attributable to attorney fees. Although the probate court stated in its original order of November 24, 2009, that its decision was based on the “evidence and argument presented,” the probate court provides no detailed application of the facts regarding the attorney fees to the factors detailed in
 
 Pharmacia.
 

 The probate court may, in its discretion, reduce an agreed-upon attorney fee if it concludes that the attorney fee is unreasonable.
 
 See Ex parte Peck,
 
 572 So.2d 427, 429 (Ala.1990). However, without a sufficient explanation by the probate court regarding its consideration of the 12 factors outlined in
 
 Pharmacia
 
 and how it calculated the attorney fees, we cannot ascertain whether the probate court exceeded its discretion in awarding those fees.
 
 [2]
 

 IV. Conclusion
 

 Based on the foregoing, we remand this cause to the probate court for the entry of an order explaining its decision and articulating its reasons for that decision. Due
 
 *869
 
 return shall be made to this Court within 42 days of the date of this opinion.
 

 REMANDED WITH DIRECTIONS.
 

 COBB, C.J., and WOODALL, PARKER, and SHAW,¡JJ., concur.
 

 On Return to Remand
 

 SMITH, Justice.
 

 Kimberly R. Kiker, administratrix of the estate of Christopher A. Kiker, deceased, appealed from an order of the Mobile Probate Court insofar as the order awarded attorney fees and expenses in the amount of $73,678.80 to Michael S. McGlothren, P.C. (“McGlothren”), and attorney fees in the amount of $19,365.80 to the Robson Law Firm (“Robson”).
 
 [1]
 
 On September 17, 2010, we remanded the case with directions, stating:
 

 “In this case, the probate court’s December 22, 2009, order awarding attorney fees and expenses in the amount of $73,678.80 to Michael S. McGlothren, P.C., and attorney fees in the amount of $19,365.80 to the Robson Law Firm provides no indication as to whether the probate court considered the criteria set forth for determining the reasonableness of an attorney fee as detailed in
 
 Pharmacia [Corp. v.
 
 McGowan], 915 So.2d [549,] 552-53 [ (Ala.2004) ] (quoting
 
 Van Schaack v. AmSouth Bank, N.A.,
 
 530 So.2d 740, 749 (Ala.1988)). Additionally, the probate court’s order neither indicates how the probate court calculated the attorney fees nor provides a basis for ascertaining the exact amount of McGlothren’s award specifically attributable to attorney fees. Although the probate court stated in its original order of. November 24, 2009, that its decision was based on the ‘evidence and argument presented,’ the probate court provides no detailed application of the facts regarding the attorney fees to the factors detailed in
 
 Pharmacia.
 

 “The probate court may, in its discretion, reduce an agreed-upon attorney fee if it concludes that the attorney fee is unreasonable.
 
 See Ex parte Peck,
 
 572 So.2d 427, 429 (Ala.1990). However, without a sufficient explanation by the probate court regarding its consideration of the 12 factors outlined in
 
 Phar-macia
 
 and how it calculated the attorney fees, we cannot ascertain whether the probate court exceeded its discretion in awarding those fees.
 

 [[Image here]]
 

 “Based on the foregoing,
 
 we remand this cause to the probate court for the entry of an order explaining its decision and articulating its reasons for that decision.
 
 Due return shall be made to this Court within 42 days of the date of this opinion.”
 

 Kiker v. Probate Court of Mobile County,
 
 67 So.3d 865, 868 (Ala.2010) (footnote omitted; emphasis added).
 

 The probate court has made timely return of the case; however, on remand the probate court exceeded the scope of remand. Specifically, the probate court, on remand, was
 
 only
 
 to
 
 explain
 
 its award of attorney fees and expenses.
 
 See Kiker, supra.
 
 In addition to explaining its award of attorney fees and expenses, however, the probate court modified its prior order both by reducing Robson’s attorney-fee award from $19,365.80 to $18,793.53 and by increasing McGlothren’s total award of attorney fees and expenses from
 
 *870
 
 $73,678.80 to $74,250.35. The probate court was not free to modify its prior order on remand, and, in so doing, the probate court exceeded its limited jurisdiction on remand. This Court did not reverse the probate court’s prior order on original submission; this Court remanded the case for the probate court to explain how it reached the conclusions stated in its order.
 
 See Ex parte Edwards,
 
 727 So.2d 792, 794 (Ala.1998) (“Tt is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court by entering and implementing the appropriate judgment.’” (quoting
 
 Auerbach v. Parker,
 
 558 So.2d 900, 902 (Ala.1989)));
 
 Ex parte Alabama Power Co.,
 
 431 So.2d 151, 155 (Ala.1983) (“ Tt is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered....’” (quoting 5 Am.Jur.2d
 
 Appeal and Error
 
 § 991 (1962)));
 
 Walker v. Humana Med. Corp.,
 
 423 So.2d 891, 892 (Ala.Civ.App.1982) (“After an appellate court, in appropriate cases, has directed entry of a judgment, the only function of the trial court is to enter and implement the appropriate judgment.” (citing, among other authorities,
 
 Hames v. Irwin,
 
 256 Ala. 319, 54 So.2d 293 (1951))).
 

 We have no alternative but to remand this case for a second time, directing the probate court to vacate its order on first remand and to comply with this Court’s mandate in
 
 Kiker v. Probate Court of Mobile County, supra.
 
 Specifically, we direct the probate court to explain its decision awarding attorney fees and expenses in the amount of $73,678.80 to McGlothren and attorney fees in the amount of $19,365.80 to Robson and to articulate its reasons for that decision. Due return shall be made to this Court within 42 days of the date of this opinion.
 

 REMANDED WITH DIRECTIONS.
 

 COBB, C.J., and WOODALL, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . We note that the trial court's amended order provides for a total distribution of $150,000.72.
 

 [2]
 

 . At this time, we express no opinion on the propriety of the probate court's award of attorney fees and expenses in this case.
 

 [1]
 

 . McGlothren represented Kiker in a wrongful-death action against Christopher's physician; the parties settled the wrongful-death action for $150,000. Robson, who had represented Kiker in probating Christopher’s estate, had referred Kiker’s wrongful-death action to McGlothren.