MURDOCK, Justice
(concurring specially).
In Regions Bank v. Lowrey, 101 So.3d 210 (Ala.2012), this Court remanded this case for the trial court to set reasonable attorney fees and expenses in accordance with this Court’s decisions in Hart v. Jackson, 607 So.2d 161 (Ala.1992), and Kiker v. Probate Court of Mobile County, 67 So.3d 865 (Ala.2010). I write separately because I question whether in doing so we set the trial court upon the right course.
The approach reflected in Kiker and Hart, both of which speak of the broad discretion in the trial court to set attorney fees, is traceable to this Court’s decision in Peebles v. Miley, 439 So.2d 137 (Ala.1983). In Peebles, this Court identified factors to be considered in cases where one of the three exceptions to the “American rule” is *113 applicable to a lawsuit and the task of setting an attorney fee in a particular amount to be awarded against a losing litigant in that underlying litigation falls in the first instance to the trial court. That is not the case here. No fee is being awarded against the losing party in the underlying litigation. Moreover, the court is not called upon to decide ab initio the exact fee to be received by the attorneys employed by the trustee. The fees at issue have already been incurred and paid by the trustee. The only question is whether the trustee is to be reimbursed those fees from the trust on whose behalf the trustee acted. The answer to this question, in turn, is solely a function of whether the purpose for which the fees were incurred and the amount of those fees fell within some reasonable bounds of authority and discretion vested in the trustee.
Put differently, the present case simply involves a different starting point than do Peebles and its progeny. Applicable trust law and trust instruments authorize the trustee to engage in litigation affecting the trust and to incur attorney fees and expenses in this regard. Moreover, applicable trust law and trust instruments entitle the trustee to reimbursement from the trust of the fees and expenses it has decided to incur, provided that those fees and expenses meet' certain conditions. That is, the trustee already has incurred certain fees and expenses on behalf of the trust, and the trial court does not write upon a blank slate to set a particular amount the trustee will be entitled to receive in reimbursement; instead its task is to consider the fee already incurred by the trustee to decide if that fee falls within the bounds of reason. Although the factors identified in Peebles and its progeny might well be helpful in setting those bounds, in the end the task is a different one with a different standard than is the task of setting a particular fee “from scratch.”
Section 19-3B-709(a), Ala.Code 1975, provides in part that “[a] trustee is entitled to be reimbursed out of the trust property ... for: (1) expenses that were properly incurred in the administration of the trust, including the defense or prosecution of any action, whether successful or not, .unless the trustee is determined to have willfully or wantonly committed a material breach of the trust....” In Birmingham Trust National Bank v. Henley, 371 So.2d 883, 895 (Ala.1979), cert. denied, 445 U.S. 915 (1980), we explained that our “courts will not, as a general rule, interfere with the exercise of discretionary powers of trustees absent fraud or abuse of discretion.”
“A trustee generally has discretion (i.e., is to use fiduciary judgment) with respect to the exercise of the powers of Trusteeship.” Restatement (Third) of Trusts § 87 com. a (2007). “When a trustee has discretion with respect to the exercise of power, its exercise is subject to supervision by the Court only to prevent abusé of discretion.” Restatement (Third) of Trusts § 87 (2007). Factors for consideration of whether the trustee has abused its discretion include the exercise of discretionary authority in bad faith or from an improper motive or in an unreasonable exercise of power — that is, beyond the bounds of reasonable judgment. Judicial intervention “is called for, not because the court would exercise the discretion differently, but because the trustee’s decision is one that would not be accepted as reasonable by persons of prudence.” See Restatement (Third) of Trusts § 87 com. c (2007).
In sum, it would appear that attorney fees and expenses are “properly incurred” within the meaning of our trust law when they fall within the bounds of reason or, alternatively, when they are not undertaken fraudulently, in bad faith, or as the result of an abuse of discretion. Given *114 this standard, I agree with the decision of the Court in this case.[9]

. In its brief to this Court, Regions Bank does not present any argument focusing upon (and therefore I do not read our opinion as addressing) the trial court's decision not to allow reimbursement of the $4,296 in fees and expenses Regions incurred for "miscellaneous matters” or $69,137.61 incurred by Regions in prosecuting its "counterclaim” and defending against a motion to compel.